In the Matter of the Application of HENRY STEERS, INC., Respondent, for a Certiorari Order against BERTHA REMBAUGH, Chairman, and Others, Constituting the Zoning Board of Appeals of the Village of Northport, Appellants.— The respondent is the owner of a large tract of land consisting of 147 acres located in the village of Northport, Long Island. Since 1923 the property has been continuously used for a sand and gravel business, the amount removed varying from 200,000 to 1,000,000 cubic yards per year. In 1929 the village adopted a zoning ordinance and the respondent's property was designated as a residence district in which business and industry were prohibited. Consequently, since 1929 the property has been used and is now being used for a non-conforming use. The respondent applied to the zoning board of appeals of the village of Northport for a variance to permit the erection of tanks for the storage of fuel oil, gasoline and petroleum products and the erection of a dock, pipe line and other necessary adjuncts to such use. The application was denied. Upon certiorari the decision of the board of appeals was reversed, annulled and set aside and the application granted with certain conditions attached. From such order the zoning board of appeals has appealed. Resettled order reversed on the law and the facts, with fifty dollars costs and disbursements, proceeding dismissed and the decision of the zoning board of appeals reinstated and confirmed. The respondent concedes that it presently is using this tract profitably as a source from which it secures and processes large quantities of sand and gravel. It likewise concedes that it desires and intends ultimately to develop the property, after the sand and gravel is exhausted, for residential purposes. Assuming that the board of appeals had the power to grant the variance, before it could exercise its discretion upon the ground of unnecessary hardship or practical difficulties, as provided for in subdivision (e) of section 14 of the Revised Zoning Ordinance of the Village of Northport, it was incumbent upon the respondent to establish (1) that the land in question would not yield a reasonable return if used only for a purpose allowed in that zone; (2) that the owner's plight is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use applied for will not alter the essential character of the neighbor-

hood. (*Matter of Otto* v. *Steinhilber* [*Village of Lynbrook*], 282 N. Y. 71.) The respondent has failed to show that if it discontinued its non-conforming use the property could not be profitably used for the purpose for which it is zoned. Nor is there anything unique about the circumstances that do not flow directly from the acts of the respondent itself. While the present non-conforming use of the property is industrial, the suggested use will be an additional industrial use and the opening wedge for applications for a further extension in the future. The authorities relied upon by the learned Special Term are not applicable. In the cases cited the condition was not created by the petitioner nor was it conceded that the ultimate use of the .property would be residential. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.