In the Matter of the Application of HEYWOOD H. HOPKINS and EDWARD C. BICKFORD, Petitioners, for an Order against THE BOARD OF APPEALS OF THE CITY OF ROCHESTER, MONROE COUNTY, NEW YORK, and CLARENCE LIVINGSTON and Others, the Members Thereof, Respondents, and ALFRED W. TAKSEN and Others, Admitted as Parties Interested in This Proceeding, Third Parties, Respondents.

Supreme Court, Monroe County, March 7, 1942.

*Strang, Bodine, Wright & Combs,* for the petitioners.

*William H. Emerson, Corporation Counsel [Charles B. Forsyth* of counsel], for the Board of Appeals of the City of Rochester.

*Samuel Berger,* for Alfred W. Taksen, third party.

*Chamberlain, Page & D'Amanda,* for Harold L. Field and Kenneth H. Field, third parties, as executors of Alice B. V. Field, deceased.

VAN VOORHIS, J. The real estate involved consists of a parcel of land at the northwest corner of Park avenue and South Goodman street, in the city of Rochester, N. Y., containing two single-family dwellings, about fifty and sixty years old. One of these houses fronts upon South Goodman street and the other upon Park avenue. Application was made to the Rochester superintendent of buildings for a permit to erect a public gasoline station upon the said property. This application was refused for the reason that the premises are situated in a use district classified as residential A under the city's zoning ordinance. The superintendent of buildings had no discretion to grant or refuse such a permit. An appeal was taken in behalf of the estate of Mrs. Field to the zoning board of appeals, which granted the permission sought upon the ground that practical difficulty and unnecessary hardship would result from denying the application. This was followed by the present proceeding to annul the action of the board of appeals at the instance of neighboring property owners.

Petitioners herein aver that the board of appeals granted permission without having evidence before it of any specific practical difficulty or unnecessary hardship. The other side contend that the determination of the board should be upheld on account of changes in the character of the immediate vicinity of the property rendering it substantially worthless for any purpose except that of a public gasoline station.

The answer interposed on behalf of the board of appeals sets forth a certified transcript of the record of proceedings subject to review or consideration. From these proceedings it appears that **the board** conducted a hearing on November 27, 1941, **at which**

interested persons were heard on both sides. Documentary evidence was received and extended arguments made. The answer states that the members of the board personally inspected the premises and in rendering their decision took into consideration what their inspection disclosed together with the evidence and arguments presented to them and found the existence of practical difficulty and unnecessary hardship by reason of the changed conditions in the said neighborhood, the presence of business enterprises, the utilization of adjacent properties for business purposes, such as doctors' offices, hairdressing establishments, rooming houses, apartment buildings, a furniture factory, the extensive commercial development of Park avenue in the immediate vicinity, the congested traffic conditions, the distance from other gasoline stations, and the desirability and need of such a station by the public at or in the vicinity of the premises in question, coupled with the adaptability and utilization of the said premises by the owner thereof or others, the salability of the said premises, and numerous other practical considerations, and that all of these form a basis for the decision of the said board.

Petitioners argue that such a basis is insufficient for the action of the board in that changes in the character of the locality, if sufficient to justify modification of the uses permitted from this property present problems to be solved by municipal legislation through an amendment to the zoning ordinance, and that the general zoning restriction should not be destroyed by piecemeal exemption of pieces of land equally subject to the hardship created in the restriction. (*Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347.) On the other hand, it is argued in behalf of the board of appeals and intervening third parties that only a limited area is affected, that the two houses upon the Field property are the chief ones to be injured by the burdensomeness of the ordinance, and that use as a public gasoline station would not only be more profitable, but is the only use to which the property can reasonably be devoted. It has been stated to the court on the argument that these houses are obsolete as single-family residences; that due to the character of the corner they could not be reconstructed for residential purposes of any kind except at prohibitive cost; that due to the depth of the lots and the setback lines upon the streets the construction of stores or apartment houses would be impractical, and that they cannot be used for any purpose except that which the board of appeals has permitted. (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73.)

The distinction between a situation which calls for legislative rather than quasi judicial relief at the hands of the board of appeals

may in certain instances be narrow. In the present case it may depend upon whether the changes brought about by the years have been such as to render the zoning restrictions ill adapted to an extended area in that part of the city, or to bear with especially injurious effect upon the Field property alone, or perhaps upon it and a few others similarly situated. It may also depend without regard to the extent of the area affected, upon whether undue hardship or practical difficulty results from the premises having become obsolete for their former purposes without any reasonable possibility of their being adapted to other conforming uses except at such risk as to render it impractical as a business venture. (*People ex rel. St. Albans-S. Corp.* v. *Connell, supra.*)

In *People ex rel. Fordham M. R. Church* v. *Walsh* (244 N. Y. 280, 287) two methods were laid down by which the courts may determine the existence of facts constituting unnecessary hardship in reviewing the determinations of zoning boards of appeal. The first method of ascertaining it is from the evidence taken by the board and certified in the record of its proceedings, the second is described as follows: " But the power of the Board to do justice informally and promptly is not limited to cases where witnesses have been heard. Without any witnesses at all, it may act of its own knowledge, for, as constituted by the statute (Greater New York Charter, § 718), it is made up of men with special qualifications of training and experience. *In that event, however, it must set forth in its return the facts known to its members, but not otherwise disclosed. To characterize the situation as a hardship without more does not tend in any substantial degree to enlighten a reviewing court. There must be disclosure of the facts from which hardship is inferred.*" (Italics supplied.)

It must be borne in mind that the function of the court upon a proceeding of this nature is to review the action of the zoning board of appeals, but not to substitute the judgment of the court for that of the board. (*People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519.) Unless the formal evidence which the board received indicates the basis for undue hardship or practical difficulty, it is necessary that the board shall state its findings of fact derived from its own inspection of the premises so that the court may know what its basis for decision really was and whether its findings of fact sustain its conclusion that practical difficulty and unnecessary hardship are involved. (*People ex rel. Fordham M. R. Church* v. *Walsh, supra; Matter of Collins* v. *Behan,* 285 N. Y. 187.)

In this case the proceedings before the board as certified to the court do not show that real estate experts were called as witnesses or that other evidence was produced, which, without personal

inspection by the members of the board, would have sustained its conclusion. It would have been sufficient to uphold the determination of the board under the principle laid down in *People ex rel. Fordham M. R. Church* v. *Walsh* (*supra*) if the board had stated in its proceedings facts found by the members of the board that are essential to sustain its decision, although derived from personal examination of the property. The board has not done so. Mere reference in the answer to changed conditions indicating a commercialization of the neighborhood is not sufficient to show that this has been especially detrimental to the Field property as compared with other properties in the use district; nor does the statement in the answer that the board considered the salability of the premises and their adaptability to other purposes as well as numerous other practical considerations, indicate what findings of fact the board made with respect thereto. It is not equivalent to a finding that the premises have become unsalable on account of changed conditions, or that they are obsolete for existing purposes and cannot consistently with the exercise of reasonable business judgment be converted into multiple family dwellings with or without demolition or devoted to any other conforming use. Whereever possible, figures should be supplied. It was stated repeatedly that such is the case in the arguments before the court, and to some extent in the report of the arguments before the board. But argument does not take the place of evidence, nor can the court be apprised of what facts the board found unless they are enumerated in its report. The mere fact that the premises could be used more profitably for a gasoline filling station would not in itself justify the granting of the permission. On the other hand, if there is no other use to which the premises can be put without doing violence to ordinary business principles, the decision of the board should be upheld. (*People ex rel. St. Albans-S. Corp.* v. *Connell, supra.*)

It is true that subdivision 4 of section 82 of the General City Law authorizes the court to take testimony which, in that event, shall constitute a part of the proceedings upon which the determination of the court shall be made. Doubtless that procedure would be valuable in a case where it became necessary to decide whether the findings of the board were arbitrary or constituted an abuse of discretion. On the other hand, where no findings of fact have been made by the board and no evidence is certified as having been taken before it from which the conclusion can be drawn of practical difficulty or unnecessary hardship, the court cannot proceed to hear new evidence why a variance should be granted without substituting its own discretion for that of the

board (*Raskin* v. *Murdock*, 243 App. Div. 561), and what must be done is to annul the determination of the board and remit the proceeding to it with instructions to make findings of fact in support of whatever determination it may reach on the personal examination of the premises by its members, or to take evidence upon a new hearing, or both, with leave to petitioners and to the intervenors to introduce further evidence upon another hearing if another hearing be had. (*Matter of Collins* v. *Behan, supra.*)

The court has disposed of the matter without transferring it to the Appellate Division in the first instance under section 1296 of the Civil Practice Act in view of section 82 of the General City Law which is the applicable zoning enabling act, and contemplates that court review of the action of zoning boards of appeal shall be by the Special Term rather than the Appellate Division in the first instance. Section 81 of the General City Law states that decisions of the board are to be reviewed as provided in article 78 of the Civil Practice Act, but that is not intended to operate as a repeal by implication of the procedural sections of the General City Law. (See *People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400, 405.) The intention is that procedure under article 78 shall be substituted for certiorari, but modified (as procedure by certiorari was formerly modified) by the practice sections of the General City Law.