In the Matter of SHERWOOD REALTY CORP. et al., Petitioners, against RALPH FERIOLA et al., Respondents, and JOSEPH BRUNETTO, Doing Business as BRUNETTO CHEESE Co., Intervener, Respondent.

Supreme Court, Special Term, Westchester County, September 1, 1948.

*Morton Roth* and *John J. McQuade* for petitioners.

*John H. Galloway, Jr., Corporation Counsel (John Preston Phillips* of counsel), for respondents.

*Thomas F. Sullivan* for intervener, respondent.

FLANNERY, J. The intervener here applied for a variance to the board of zoning appeals of the city of Yonkers on the ground of " practical difficulties and unreasonable hardships " under the particular provisions of Yonkers General Ordinance No. 5-1948, which read as follows:

" The Board of Appeals shall also, in addition to the powers granted by statute, have power in a special case, where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this amending ordinance, after public notice and hearing and subject to appropriate conditions and safeguards, to vary or modify the rules herein established, in harmony with the general purposes and intents of this amending ordinance, so that the spirit of this amending ordinance shall be observed, public safety insured and substantial justice done as follows: * * *

" (9) Permit the location in a business district of any use authorized in a commercial district; or in any residence district of a garage or any other use authorized in a business district; provided, however, that such a variance shall not be granted if a protest or protests against the granting thereof shall be presented, at or before the public hearing, duly signed and acknowledged by the owners of not less than sixty per cent of all the area of land within a radius of two hundred feet of the land for which such a variance is requested. The public notice of hearing, in all cases where such a variance is applied for, shall specify that the application will be acted upon unless such protest or protests are so presented."

Although he had originally constructed his building and obtained his permit with the knowledge that the manufacture of cheese was forbidden in the area by the zoning ordinance, he had conducted a cheese business there for a number of years in violation of the ordinance and ultimately under the pressure of demands for official action by the neighbors he applied for the variance to permit him to manufacture cheese. The board of zoning appeals held hearings which are reported in approximately thirty-nine pages of minutes and ultimately took action which is reported on pages 6857 and 6885 of the minutes. Page 6885 reads as follows:

## DECISION

HOLD-OVER CASE No. 1605: Thomas F. Sullivan on behalf of Brunetto Cheese Company, 1163 Yonkers Avenue. For a variance for permission to include the wholesale processing of cheese and the sale thereof in addition to the present use permitting the processing and retail sale of such product. B-A District.

What is your pleasure, gentlemen?

MR. SAUNDERS: I was not deeply impressed with the arguments of the protestants in this case, even making allowance for the eloquency of Mr. McQuade; and I, therefore, proposed that the variance be granted.

MR. HORNUNG: I second the motion.

CHAIRMAN MARCH: All those in favor of granting the variance say 'aye.'

MR. SAUNDERS: Aye.

MR. HORNUNG: Aye.

MR. HERZ: Aye.

MR. MARCH: Aye.

(The meeting adjourned at nine-thirty-five o'clock).

There is little but argument and discussion by counsel and the board in the minutes. There is no evidence or anything else in the minutes upon which its decision could have been founded. It made no findings or conclusions and apparently did not even sign anything purporting to be a decision. The return is, accordingly, remitted to the board of appeals with a direction to prepare, sign and file a decision that may be reviewed.

The court should, however, point out to the board that its action on the appeal can rest only upon a finding of practical difficulties or unnecessary hardships (see General Ordinance No. 5-1948). It cannot rest upon a finding of economic loss to the intervener. There is no provision that has been called to the attention of the court in the zoning ordinance of the City of Yonkers which empowers the board in any circumstances to act merely to enable an owner to make a reasonable and profitable use of his property as is provided in section 7 of the New York City building zone resolution (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *Matter of Thomas* v. *Board of Standards & Appeals,* 290 N. Y. 109), but even if there were, it would still be necessary, to justify action on that kind of authority, to have a record of the sworn testimony of those who can tell about the circumstances, or a set of findings which set forth what the board itself observed on a personal inspection, examination and investigation, or at least, what it knew from personal knowledge of the circumstances (*Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347, 351).

The court must also point out to the board that before it may exercise its discretion and grant a variance on the ground of unnecessary hardship or practical difficulties, the record or

the findings must show " that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76.) The board should also keep before it the established rule that self-inflicted hardship, deliberately or ignorantly incurred, affords no basis for special treatment under zoning regulations.

The return will, accordingly, be remitted to the board for whatever amplification and correction it can make with a direction that upon completion of the amendments and corrections as indicated, the return be once more submitted to the court. As it now stands there is no decision on the application. On the record before it the court is inclined to the opinion that there is nothing to justify a variance but this may be the result merely. of the board's omission to make its decision in proper form.

Submit order.