In the Matter of WILLIAM H. ROMIG, Petitioner, against BENJAMIN B. WELD et al., Constituting the Zoning Board of Appeals of the Town of Greece, Respondents.*

Supreme Court, Special Term, Monroe County, January 6, 1949.

---

* See, also, *Matter of Gompers, Inc., v. Craft*, 194 Misc. 779.— REP.

*Willard W. Holbrook* for petitioner.

*William G. Easton* for respondents.

VAN VOORHIS, J. Under the zoning ordinance of the Town of Greece, Monroe County, New York, the town is divided into three principal types of use districts: (1) residential (2) commercial and (3) industrial. The petitioner desires to operate a restaurant and grill in a commercial district. Business uses are permitted in commercial districts, with the exception of certain specified uses which are prohibited. Among the prohibited uses are, as stated in section 15 of the Zoning Ordinance: " Hotels, restaurants, grills or taverns, except by special application to the Zoning Board of Appeals." Petitioner formerly operated such an establishment at 519 Stone Road in said town, but his lease of that location has expired, and he proposes to move to another location, also in a commercial district, on the same street known as Lot 9 of the John Reid Tract, where he plans to erect a new building for the purpose. His petition states that his license from the State Liquor Authority to sell alcoholic beverages for on-premises consumption is transferable to the new proposed place of business. Petitioner's special application to conduct a restaurant and grill at the new location has been denied by the Zoning Board of Appeals. This application is to review that ruling by the board. It is regarded as having been brought under both section 267 of the Town Law and article 78 of the Civil Practice Act, which coexist except where they conflict (*Matter of Caper* v. *Parker,* 185 Misc. 948), and in the latter instance section 267 of the Town Law takes precedence (*Town of Greece* v. *Smith,* 256 App. Div. 886) with the consequence that applications of this nature are heard in the first instance at Special Term instead of being transferred to the Appellate Division (*Matter of Hopkins* v. *Board of Appeals, Rochester,* 178 Misc. 186, 191). Moreover, since this application must be disposed of on objections to the petition in point of law, it is, in any event, to be decided by Special Term in the first instance under section 1293 of the Civil Practice Act which is part of article 78.

Petitioner attacks the validity of the provision contained in section 15 of the Zoning Ordinance of the Town of Greece regarding restaurants and grills, first on the ground that there is an unlawful delegation of authority to the Zoning Board of Appeals to grant special permission for them in commercial

districts, and on the second ground that the town zoning ordinance conflicts with the State Alcoholic Beverage Control Law.

Neither of these objections is well taken. In regard to the first objection, section 267 of the Town Law, which is part of the zoning enabling act, authorizes town zoning boards of appeals to determine and decide matters referred to them or upon which they are required to pass under town zoning ordinances. Such delegation of power can lawfully be made where it is required to be exercised by a zoning board of appeals in accordance with prescribed standards of judgment (*Green Point Sav. Bank* v. *Zoning Appeals Board,* 281 N. Y. 534; *Barkmann* v. *Town of Hempstead,* 268 App. Div. 785). Ordinarily use districts established by zoning ordinances define specifically what types of structures or activities can be erected or carried on in them. That should be done wherever it is possible, without delegating more general discretionary powers than necessary to zoning boards of appeals. Nevertheless, it has not been found to be possible to anticipate all situations which may arise in zoning, and provisions have been upheld by the courts in zoning ordinances granting such boards discretion to permit gasoline stations to be conducted in commercial districts (*Green Point Sav. Bank* v. *Zoning Appeals Board, supra; Olp* v. *Town of Brighton,* 173 Misc. 1079, affd. 262 App. Div. 944). This power has been upheld in view of the danger inherent in the storage and use of gasoline, justifying leaving the circumstances of the particular case to the judgment of the board as it arises, to ascertain whether it is likely to imperil the safety of persons or property. In such cases the general purposes of zoning ordinances to promote the public health, safety, morals and general welfare have been held to furnish sufficient norms or standards to be followed by the board. It would appear that hotels, restaurants, grills or taverns, although different from gasoline stations, are also related to these general purposes of zoning ordinances with greater intimacy than in the case of most other specified uses. (See *Holy Sepulchre Cemetery* v. *Town of Greece,* 273 App. Div. 942, especially opinion by GILBERT, J. [191 Misc. 241]; *Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352, and the other cases hereinbefore cited.) The objection to section 15 of the Zoning Ordinance of the Town of Greece that it involves an unlawful delegation of power to the Zoning Board of Appeals in the case of hotels, restaurants, grills or taverns is overruled.

The second objection to this part of section 15 of the Zoning Ordinance raised by petitioner is also unsound. It is, in sub-

stance, that since the State Liquor Authority is empowered to issue licenses or permits for the sale of alcoholic beverages in connection with the conduct of a restaurant, this nullifies and supersedes the power of the Zoning Board of Appeals to determine where restaurants can be conducted under the town zoning ordinance in commercial districts. In support of this position reliance is placed by the petitioner chiefly upon the case of *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury* (230 App. Div. 228, affd. 256 N. Y. 619). The purpose of the statute involved in that case (Public Health Law, §§ 319–334) was to establish and put into effect a public policy in favor of the construction and maintenance in this State of an adequate number of hospitals for tubercular patients. The aversion of many localities to institutions of that type is well known, and the main object of these sections of the Public Health Law was to compel towns in the State to permit such institutions at locations decided upon by a board or boards constituted under the act and acting for the State. It was held that no town could thwart this beneficent purpose by preventing the establishment of such hospitals by means of zoning ordinances.

It would, of course, be true that if the authority delegated to the Zoning Board of Appeals by the Town Board by adoption of the zoning ordinance were to perform the same function as that confided to the State Liquor Authority, the latter body would exercise such power to the exclusion of the former (*Monroe Amusements, Inc.,* v. *City of Rochester,* 75 N. Y. S. 2d 807). That is not, however, this situation. The functions of the Zoning Board of Appeals and of the State Liquor Authority are different.

The distinction exists, although it may not be controlling, that under the Public Health Law in the *Jewish Consumptives' Relief Society* case (*supra*) the motivating public policy is to insure that there shall be enough hospitals for the care of tubercular diseases, whereas it is the policy of the Alcoholic Beverage Control Law to prevent there being too many " drinkeries ". But even if the declaration of policy of " fostering and promoting temperance " (Alcoholic Beverage Control Law, § 2) includes the idea that there shall be adequate facilities for the public to obtain alcoholic beverages in moderation, and that prohibition of sales may not be enforced in any locality except by adoption by the voters of a proposition according to the procedure prescribed for local option by article 9 (§§ 140–147) of that act, there are no allegations in this petition to the effect

that the town zoning ordinance has been used as a pretext to circumvent procedure by local option in the town of Greece, or that applications for permission to conduct restaurants or grills in commercial zones have been unreasonably withheld. It is not even alleged that this application by petitioner was denied unreasonably, the contention being that the Zoning Board of Appeals was without power to refuse it. The circumstance that the State Liquor Authority has the power to grant licenses which become operative at particular locations, does not manifest a public policy that the welfare of towns and cities demands that alcoholic beverages shall be dispensed without regard to reasonable local zoning ordinances and regulations. That is especially apparent in this instance, where under the Alcoholic Beverage Control Law the petitioner could not have a license for on-premises consumption unless at the same location he conducts a bona fide restaurant (§ 64, subd. 5).

The portion of the town zoning ordinance which is under attack does not refer directly to the sale of alcoholic beverages. It empowers the Zoning Board of Appeals on special application to permit hotels, restaurants, grills or taverns in commercial districts. There is no presumption that every restaurant will sell alcoholic beverages. In limiting the sale for consumption on the premises of alcoholic beverages to locations where bona fide restaurants are established, it cannot have been the legislative intent that the power of the State Liquor Authority to grant such permission at specified locations operates as a command to the local zoning authorities to permit restaurants to be maintained anywhere, in violation of local zoning ordinances, in order that beer, wine or liquor may lawfully be sold at such spots. There is nothing in the Alcoholic Beverage Control Law which could prevent a zoning board from granting or refusing permission for a restaurant, as such, at a particular place. Neither is there anything purporting to supersede zoning due to the circumstance that the proprietor of a restaurant may apply for and receive from the State Liquor Authority a license to sell alcoholic beverages on the premises.

There is no allegation that petitioner's premises cannot be used for any purpose other than a restaurant or grill, so as to render the ordinance confiscatory in this instance (cf. *Dowsey* v. *Village of Kensington*, 257 N. Y. 221). The allegation that petitioner is deprived " of a property right without due process of law " is a mere conclusion of law without stating facts on which it is based.

The petitioner's application is denied, with costs.