In the Matter of SHERWOOD REALTY CORPORATION et al., Petitioners, against RALPH FERIOLA et al., Respondents, and JOSEPH BRUNETTO, Doing Business as BRUNETTO CHEESE COMPANY, Intervener, Respondent. (Proceeding No. 1.)

In the Matter of JOSEPH BRUNETTO, Doing Business as BRUNETTO CHEESE COMPANY, Petitioner, against RALPH FERIOLA et al., Respondents, and SHERWOOD REALTY CORPORATION et al., Interveners, Respondents. (Proceeding No. 2.)

Supreme Court, Special Term, Westchester County, November 21, 1949.

*Morton Roth* for Sherwood Realty Corporation.

*John H. Galloway, Jr., Corporation Counsel* (*John Preston Phillips* of counsel), for Ralph Feriola and others.

*Bleakley & Harding* for Joseph Brunetto, doing business as Brunetto Cheese Company.

FLANNERY, J. The supplemental return complies neither with the earlier decision in this proceeding (*Matter of Sherwood Realty Corp.* v. *Feriola,* 193 Misc. 194), nor with section 1291 of the Civil Practice Act, nor with section 82 of the General City Law but would be deemed sufficient if a certificate of the clerk or secretary of the board were attached to the minutes reciting that he is the person or officer charged by law with the custody of the minutes and that the foregoing are a true and correct extract or excerpt therefrom.

The copy of the minutes submitted shows a vote on a simple seconded motion to deny the application and does not show that the signatures of the concurring members appear in the original

minutes after the " decision and determination " beginning on page 7675-A and ending on page 7677. Apparently the Appellate Division of this Department regards the signature as unnecessary, if the minutes show the vote (*Matter of Pierce* v. *Mannion*, 267 App. Div. 958) but even that case recognizes the necessity for a resolution entered in the minutes and a record of the vote thereon. Accordingly, if the board has already voted on the resolution, the secretary should complete and correct the minutes of the meeting subsequent to June 7th, 1949 (when the hearing was held) to show the adoption of the resolution and the vote thereon, or, if the board did not vote on the resolution or " decision and determination " set out on the last three pages of the minutes, the board should reconvene and vote thereon, and the secretary should record the votes in the minutes. The certificate of the secretary above described may then be attached.

Upon compliance with the requirements above set out the record will be ready for the judicial review of the decision and determination and the order to be entered hereon shall direct that when all is complete the proceeding be transferred to the Appellate Division of the Supreme Court in and for the Second Judicial Department for disposition pursuant to the provisions of section 1296 of the Civil Practice Act as is provided by the last sentence but one, of the first subdivision of section 81 of the General City Law. This sentence originally in 1920 provided for review " by certiorari " (L. 1920, ch. 743). However, in 1940, three years after the enactment of article 78 of the Civil Practice Act in its present form, the language was amended by chapter 367 of the Laws of 1940 to direct review " as provided in article seventy-eight of the civil practice act." The only decision touching on this subject that has come to the attention of the court is *Matter of Hopkins* v. *Board of Appeals of City of Rochester* (178 Misc. 186, 191) and that case holds that the amendment did not operate to repeal " by implication " the procedural section of article 5-A of the General City Law set out in section 82 of the General City Law. The sole authority it cites is *People ex rel. Hudson-Harlem Co.* v. *Walker* (282 N. Y. 400) which was a decision in a proceeding taken under section 267 of the Town Law and did not profess to interpret sections 81 and 82 of the General City Law at all. It was not necessary to enact the amendment of 1940 merely to correct terminology for section 1283 of the Civil Practice Act had already made the reference " by certiorari " a reference to the

proceeding authorized by article 78 of that act and had abolished the '' writ of certiorari '', etc., described in section 82 of the General City Law. Further, the amendment of section 81 of the General City Law was more than an implied repeal of the procedural provisions of section 82. It was an express designation in the act to be affected thereby of the procedure to be followed.

The only questions to be considered on this proceeding are the questions of fact which by subdivisions 6 and 7 of section 1296 of the Civil Practice Act must be transferred to the Appellate Division for determination. Accordingly, an order should be submitted directing a further supplemental return as above described and, upon the submission thereof, the transfer of this proceeding for determination to the Appellate Division of the Supreme Court in and for the Second Judicial Department.

Submit order.