In the Matter of ARLINE M. MAGDE, Petitioner, against HARRY B. CROWLEY et al., Constituting the Board of Zoning Appeals of the City of Rochester, Respondents.

Supreme Court, Special Term, Monroe County, January 31, 1951.

*Norman A. O'Brien* for petitioner.

*William H. Emerson, Corporation Counsel (John A. Mastrella* of counsel), for respondents.

*Darrow A. Dutcher* for Waltjack Corporation.

ROBERTS, J. Waltjack Corporation is the owner of certain premises in the city of Rochester at the corners of Culver Road, Bay Street and Laurelton Road. These premises front 66 feet on the west side of Culver Road, 134 feet on the north side of Bay Street and approximately 320 feet on the south side of Laurelton Road. The Bay Street frontage to a depth of 125 feet and the Culver Road frontage to a depth of 120 feet is in a commercial district. The northwest corner of the premises with a frontage of approximately 200 feet on Laurelton Road is in an " E " residential district.

The property owner applied for a permit to erect a retail shopping center with provision for an off-street parking area on the premises in question. After a denial of its application the property owner duly took an appeal to the board of appeals which after a hearing granted the application with certain restrictions. The petitioner, who is a neighboring property owner, here seeks to review the determination of the board of appeals. The Special Term is empowered to review the determination without transfer of the proceedings to the Appellate Division. (General City Law, § 82; *Matter of Hopkins* v. *Board of Appeals of City of Rochester,* 178 Misc. 186.)

The proposed shopping center and parking area are permitted uses in the commercial district in which a portion of the premises is located. However, the area of the premises within the commercial district was not sufficient for the purposes intended without utilizing the additional portion of the premises lying within the adjoining residential district. The proposed building would extend about 45 feet into the residential district and a portion of the parking area, approximately 90 feet by 194 feet, would also extend within such district.

Section 91–37 of the Municipal Code of the City of Rochester provides in part as follows: " The Board of Appeals, after notice and hearing, may in a specific case and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: * * * 6. Permit the extension of a use or structure into a more restricted district immediately adjacent thereto under such

conditions as will safeguard the character of the more restricted district.''

The board of appeals granted the application pursuant to the authority of the foregoing section and imposed certain restrictions to safeguard the character of the residential area, to wit, that the parking area be blacktopped, suitably screened and shrubbed, and that the driveway giving access to this parking area be located within the commercial district.

The court is not justified in substituting its judgment for that of the board nor with interfering with the exercise of judgment by the board where the record discloses a basis for the exercise of such judgment and the action of the board is not arbitrary. (*People ex rel. Sullivan* v. *McLaughlin*, 266 N. Y. 519; *Matter of Levy* v. *Board of Standards & Appeals of City of N. Y.*, 267 N. Y. 347; *Matter of Burlinson* v. *Zoning Bd. of Appeals of City of Yonkers*, 275 App. Div. 723.)

Under a similar ordinance it has been held that a variation may be made to enable the owner to make a reasonable and profitable use of his property if it can be done without doing violence to the zoning plan and without causing substantial inconvenience in the immediate neighborhood; that in each case where there is a proposed extension of a legal building or legal use into a more restricted area, the question is one of degree. The rule of reasonableness must be applied although the board has a wide scope in the exercise of its discretion. When an application has been granted the question of power only is to be considered, that is, was the action of the board without evidence to support it? (*Matter of Reed* v. *Board of Standards & Appeals of City of N. Y.*, 255 N. Y. 126.)

In the matter here before the court for review, the board of appeals found that the portion of the applicant's property located within the commercial district was not sufficiently large to provide for both the shopping center and the area for off-street parking, that unless off-street parking were provided, congestion and traffic problems would increase, and that the use of the premises requested by the applicant including the extension of the building and parking area within the residential district would not be detrimental to the residential areas with the safeguards prescribed.

It cannot be said that the determination of the board of appeals was without evidence to support it or that it was arbitrary or unreasonable.

The determination of the board of appeals is affirmed.