G. Robert Witmer, J.
This is an application under article 78 of the Civil Practice Act for review of the proceedings before the respondent Board of Appeals of the City of Rochester in which the board granted a variance to Loblaw Inc., intervenorrespondent, to erect a supermarket with parking areas in an *21 “E” residential district; and petitioners asked the court to annul and vacate said variance. Petitioners are owners of adjoining and nearby lots and residences, and they object to the variance as having been improperly granted, upon two principal grounds: (1) that intervenor did not own a large part of the property upon which it sought and secured the variance nor did it have an option or contract to buy the same, and (2) that there is no evidence in the return to support the findings and decision of the Board of Appeals.
A description of the property involved is essential for a discussion of the problem. It is difficult to describe the property without visual reference to a map. For the most part it is located at the rear of lots at the northwest corner of Winton Road North and Merchants Road. Beginning at a point about 182 feet west of the intersection, the property has a frontage on Merchants Road of about 145 feet, and extends westerly behind (north of) three lots next west of the said frontage. Beginning at a point about 460 feet north of the intersection, the property has a frontage on Winton Road North of about 265 feet. The north 200 feet of such frontage is quite shallow, varying from about 50 feet to 125 feet in depth. These frontages afford entrances to intervenor’s property to the rear of lots on the west side of Winton Road North and north of the three lots next west of intervenor’s Merchants Road frontage. The west line of intervenor’s property is in line with the west line of the most westerly of said three Merchants Road lots and is part of the east line of a dedicated but unopened street, designated McDonald Street, running northerly from Merchants Road, by intervenor’s property, to a proposed Royleston Road. One of petitioners is in the process of opening said Royleston Road in connection with the proposed construction of many homes adjacent to the subject property. Royleston Road as laid out intersects with Winton Road North, adjacent to the north line of intervenor’s frontag’e thereon, and at the other end it intersects with Merchants Road at a point about 11 lots west of unopened McDonald Street.
Intervenor has options to buy said property on the east side of McDonald Street from persons who joined in the petition for variance, and said owners also own a block of land of almost equal size on the west side of McDonald Street. The north side of Merchants Road to a depth of about 120 feet is zoned “ D ” commercial. All of the above-described property, except the frontage on Merchants Road, is in an area zoned 11E ” residential.
*22 The easterly 100 feet of the property covered by the variance, with the exception of a small lot, No. 2,024,105, extends from Merchants Road to Winton Road North, and is owned by the City of Rochester. A trunk line sewer runs through it. It comprises approximately half of the premises for which the variance was granted. Petitioners’ first objection is that the respondent board had no right to grant a variance to intervenor and others with respect to property they did not own. Intervenor contends that it intends to buy said parcel from the city at a public sale to be conducted after the variance has become assured. Despite the assurance contained in Exhibit 15 of the return with respect to the purchase of said parcel by intervenor, it is clear that intervenor has no present interest in said parcel. There can be little doubt that the respondent Board of Appeals exceeded its powers in granting a variance with respect to the property owned by the city. (Cf. Matter of Hickox v. Griffin, 298 N. Y. 365, 371; Matter of Taxpayers’ Assn. v. Board of Appeals, 301 N. Y. 215.) On the argument, counsel for respondent Board of Appeals acknowledged that the board exceeded its powers in this respect, and asked that the court modify the variance by limiting it to the remainder of the property covered therein, and as so modified to approve the variance, under the provisions of General City Law (§ 82, subd. 4). However, in view of the fact that intervenor owns or has rights to buy only about half of the property for which the variance was granted, the court could not properly undertake to modify the variance. A proper modification may well involve additional changes and the exercise of the discretion of the board as to whether a variance should be granted at all under such circumstances.
Since an application for variance may be renewed on a new petition, it may be well for the court to make some additional observations relating to petitioners’ second objection, to wit, that the return does not reveal evidence before the board sufficient to support the findings, as required by law. (See Matter of Hopkins v. Board of Appeals, 178 Misc. 186.)
At the outset it is noted that the application for variance was not made under section 91-37 of the Planning and Zoning Ordinance of Rochester (see Matter of Vella v. Zoning Bd. of Appeals, 206 Misc. 941), but was made under section 91-38 thereof, where practical difficulties or unnecessary hardship are the grounds for variance. Although a small segment of the premises is within a “ D ” commercial district, this is not a case in which the board may grant an extension from one district into a more restricted district, as was done in Matter of Magde v. Crowley (200 Misc. 109). (And see Matter of Hickox v. *23 Griffin, 298 N. Y. 365, 371, supra; People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 284.) Thus there must be evidence before the Board of Appeals showing practical difficulties or unnecessary hardship. Although such evidence need not be sworn to and be of the same character as is required for testimony in court, there must at least be some evidence upon which reasonable men may act. (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 287, supra.) The rule that insufficient evidence is no evidence (Matter of Case, 214 N. Y. 199, 203) applies before the Board of Appeals as it does in a court of law.
Findings of fact, numbered 9 through 12, made by the Board of Appeals contain principally conclusions of law, in the language of the decisions under the “unnecessary hardship” provisions. (See Matter of Otto v. Steinhilber, 282 N. Y. 71, 76.) The only real findings of fact of consequence are (1) that the owners could not sell the property, (2) that they could not use it otherwise than as proposed, because it is landlocked, and (3) that the proposed use will not alter the essential character of the area, because "it is largely commercial now. These findings must necessarily relate to that part of the subject premises not owned by the city.
The evidence is that the owners never advertised their property for sale. There is no factual basis to support the finding that the owners cannot sell the property for residential purposes. The evidence is all the other way. Petitioners are about to develop the immediately adjoining area for residences, and no reason is advanced why this property may not be similarly used. (Matter of Taxpayers’ Assn. v. Board of Appeals, 301 N. Y. 215, supra; Matter of Ryback v. Murdock, 1 A D 2d 132.) In the Taxpayers’ Assn, case (supra) the court said at page 218; ‘ ‘ There was no proof that the property could not be adapted to conforming uses. No attempt was made to sell or utilize the property for residential purposes, although it was as suitable for residential purposes as other land in the immediate vicinity upon which a number of homes had recently been constructed. Moreover, the record does not show that the property suffers a unique or singular disadvantage, not common to other property in the district, through the operation of the zoning ordinance. Here, the hardship, if any, is general and characteristic of the entire area, and the remedy lies in a revision of the zoning ordinance through legislative action, not by the granting of a variance to a single property owner.”
The findings that the property is landlocked is equally without factual basis. The whole west side of it, over 300 feet, fronts *24 on the dedicated but unopened McDonald Street and has almost direct access to Boyleston Boad. Likewise the finding that the area is largely commercial has no evidence to support it. The fact that a shopping center has been built south of Merchants Boad in a commercial area does not support such a finding. Although the north side of Merchants Boad is zoned “ D ” commercial, it appears that it is largely used residentiary; and, anyway, the variance herein was granted in relation to property zoned “ E ” residential by the City Council when it established the “ D ” commercial zone adjacent on the south. (See People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, 284-285, supra.)
In granting the variance the Board of Appeals has undertaken in effect to amend the zoning ordinance and change the character of the area involved (People ex rel. Fordham Manor Ref. Church v. Walsh, supra, p. 289), and that it may not do. (Matter of Taxpayers’ Assn. v. Board of Appeals, 301 N. Y. 215, 218, supra; Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347, 353). In this connection it is noteworthy that one of the maps in Exhibit 17, to wit, the one dated May 3, 1956, pictures a ‘ ‘ Future Stores ” development on the west side of McDonald Street, next west of where intervenor proposes to erect its supermarket — all now in the “E” residential district. This accentuates the point that whether this area should be made a commercial district is a legislative matter and not within the province of the Board of Appeals.
The decision of the Board of Appeals granting the variance is, therefore, annulled and vacated, and the application therefor is denied.
Submit order accordingly.