G. Robert Witner, J.
Petitioners have instituted two proceedings herein, heard together, to have the court annul the decision of the respondent Board of Appeals granting to respondent William J. Maher a zoning variance. Petitioners are owners of lands adjoining or in the close neighborhood of the property with respect to which the variance was granted. Said property and the properties of petitioners lie within the Multiple Residence District of the City of Geneva, as established in ‘‘ The 1956 Zoning Ordinance ” of said city.
It appears that in 1953 a predecessor ordinance was adopted, and that prior thereto a Zoning Ordinance for the City of Geneva was first adopted on August 7,1930. Under all three ordinances the property in question was situated in a multiple residence district, in which uses were permitted and limited similar to those of the 1956 ordinance. It further appears that in 1928 respondent Maher bought a house and lot fronting on the east side of Twomey Place, Geneva, having dimensions of 30 feet frontage and 56.5 feet depth. Later in 1944 he bought the lot next north of said house, which lot was of equal size and had a garage building on it. It is said that “ in 1930 ” respondent Maher began to operate an electrical business from his home, and that he leased the lot which he later bought in 1944, above mentioned, and used the structure thereon in his business. Said *154 lots are in the multiple residence district. Such business was not a permitted use under the Zoning Ordinance of 1930, nor is it under the present ordinance.
In 1950 respondent Maher bought the lot next east, of his two lots above described; and it is this latter lot with which we are here concerned. It is 63 feet wide, north and south, and 107.25 feet deep, and a one-story brick building sits on it. It is an interior lot, having no street frontage; but on the east it abuts Carriage Road, a private right of way 9 feet wide, which extends easterly from said lot about 235 feet to South Main Street. At the point where said Carriage Road meets the east boundary of said lot, to wit, about the middle of said east boundary line, the road makes a right-angle turn northerly along the east boundary of the lot and continues about 100 feet northerly to Park Avenue, a narrow street. Traffic on Park Avenue is limited to one way, to wit, westerly. Twomey Place, upon which respondent Maher’s two lots first above mentioned face, is a “ dead end ” street, 25 feet in width, running southerly from said Park Avenue to a point 147 feet beyond respondent Maher’s property.
In May, 1957, Maher made application for a permit to build a cement block, one-story addition to the brick building on said lot which he acquired in 1950. The superintendent of buildings and zoning rejected the application because the zoning ordinance prohibited the use of the building for the purpose for which Maher stated he intended to use it, i.e., the expansion of his electrical business.
Thereafter said superintendent presented to the Zoning Board of Appeals Maher’s original application for building permit which had been rejected. The board directed that a public hearing be held in the matter to determine whether a variance should be granted, and due notice of the hearing was given. At the hearing Maher presented written consents to the granting of the variance signed by all owners on Twomey Place and by over one half the owners on Park Avenue. Petitioners appeared in opposition, in person and by attorneys, and many spoke against the granting of the variance. Maher appeared in person and by his attorney who spoke, but no witnesses were sworn and no formal evidence was taken by the board. After the hearing ended the board adjourned the matter for two days and invited Maher to be present for the consideration of limitations in a permit if a variance were granted. No notice thereof was given to petitioners or anyone else, but the afternoon Geneva paper of the evening to which the matter was adjourned carried a news article about the pending meeting and the meeting was held in a public meeting room. There the board adopted a resolution *155 granting the variance with certain specified limitations or restrictions. The chairman of the Board of Appeals then signed his approval on the original application by Maher to the superintendent of buildings and zoning for a building permit.
The decision of the Board of Appeals was not filed in the board’s office nor in the city clerk’s office, and has not yet been filed. One might think, parenthetically, that entering the resolution in the minutes of the board would amount to a filing of the decision in the board’s office, but the board admit in their answer that the decision has not been filed. On July 2 the superintendent of buildings and zoning noted on the back of Maher’s original application for building permit that it was granted, for storage use; and this application form with the signature of approval of the chairman of the Board of Appeals and with notation on the back thereof by the superintendent of buildings and zoning was filed in the office of the city clerk. No mention was made thereon of the limitations specified by the Board of Appeals in their resolution granting the variance.
Petitioners then instituted these proceedings. In their return respondent board have not stated the evidence upon which they made their decision and have submitted no findings which may be reviewed by this court. In support of their answer they have submitted an affidavit made by the chairman of the board setting forth in detail statements made at the hearing by Maher’s attorney and accepted by the board, and stating that from the personal acquaintanceship of the board members with the situation in the area of the lot in question, the board found those facts to be established and that they constitute the basis of the board’s decision.
In their formal answer, however, the board state the basis of their decision to be as follows: “ 6. The Applicant William J. Maher established the basis of his application for a permit being allowed because adjacent to said area and surrounding it are various garage stalls used for commercial purposes and various other business establishments, and also because an electrical business long conducted on said premises has expanded such that additional storage space was needed to adequately carry on the business ^
Many objections are made to the legality of the proceeding before the Board of Appeals and their decision. The objection to the manner in which the appeal was made to the Board of Appeals is dismissed as without merit in law. The practice of having the officer who denied the application for permit present the original application to the Board of Appeals in behalf of the applicant is certainly not contemplated by the statute (Ben *156 eral City Law, § 81, subd. 2), which provides that a notice of appeal shall be filed with the officer from whom the appeal is taken and with the Board of Appeals. There has been violation of this provision. The object of the statute however is that notice of the appeal be given to the officer from whose decision appeal is taken, to set him in motion to transmit to the Board of Appeals '‘ all the papers constituting the record upon which the action appealed from was taken.” Here the superintendent of buildings and zoning knew of Maher’s desire to appeal from his ruling, and he transmitted the papers to the board without the formal filing of notice of appeal; and the board entertained the appeal on such papers. Since neither the superintendent nor board objected to (indeed both participated in) the informal procedure, they waived the statutory provision, and it does not appear that anyone was injured thereby. It is likewise true that orderly practice under the ordinance (§ 18-G) would require that the application for a variance be made by the filing of a written petition therefor and payment of the requisite fee; but the ordinance does not expressly so require, and the Board of Appeals had the right to proceed upon an oral application. Petitioners’ rights with reference to zoning spring from the statute and the ordinance, and they cannot successfully contend that respondents must do more than the statute and ordinance expressly require.
The objection to the action of the board in adjourning for two days after the public hearing, receiving further views and assurances from the applicant at such adjourned date without direct notice to petitioners of such meeting, and then acting upon the application, is likewise without merit. Petitioners had had their opportunity at a public hearing to advise the board of their views, and they were entitled to no more notice than they received. (See Ottinger v. Arenal Realty Co., 257 N. Y. 371; Matter of Griest v. Hooey, 205 Misc. 396, 402 et seq.)
The objection that the vote of the board does not show that four members voted in favor of the resolution granting the variance is well taken. (General City Law, § 81, subd. 1; and, see, Matter of Pierce v. Mannion, 267 App. Div. 958; Matter of Sherwood Realty Corp. v. Feriola, 197 Misc. 77.)
Objection is made to the admitted fact that the decision of the Board of Appeals has not been filed either in the board’s office or the city clerk’s office. Certainly the board should file it§ decision so that it may be a matter of public record. Under subdivision 1 of section 82 of the General City Law petitioners’ time to petition for review of a decision does not begin to run until the decision has been filed in the office of the board. *157 The objection at this time seems to be academic, however, since petitioners have petitioned for review of the decision and no objection is made concerning the timeliness of such petition. Moreover petitioners have not been deprived of access to or knowledge of the board’s decision, wherever it is.
The objection that the permit issued to respondent Maher does not contain the limitations specified by the Board of Appeals in granting the variance is valid. Although the primary object of this proceeding is to review the action of the board, under the request for incidental relief petitioners are entitled to have the permit as issued vacated for failure to embody the limitations under which the variance was granted.
A principal procedural objection to the action of the respondent board is that they took no formal evidence and made no findings of fact to support their decision. It is clear that a board does not need to take formal evidence at a public hearing, and that they may act upon facts known to them although not presented to them upon the hearing. (Matter of Taub v. Pirnee, 3 N Y 2d 188; People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280, 287; Matter of Hopkins v. Board of Appeals of City of Rochester, 178 Misc. 186; Matter of Chad Homes v. Board of Appeals of City of Rochester, 5 Misc. 2d 20.) In such ease, however, it must appear that they had knowledge of facts which support their action, and they must make written findings of fact showing the basis of their decision, so that the court may exercise its function to determine whether the board acted reasonably. (Matter of Hickox v. Griffin, 298 N. Y. 365; Matter of Collins v. Behan, 285 N. Y. 187; People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280, supra; Matter of Gilbert v. Stevens, 284 App. Div. 1016; Matter of Hopkins v. Board of Appeals of City of Rochester, 178 Misc. 186, supra.) The board made no findings of fact in support of their decision in granting the variance in this case, and the affidavit of the board cbairman submitted in these proceedings, stating the basis of the action, may not be accepted in lieu of findings of fact.
Lastly, petitioners contend that as a matter of law the answer of the respondent board shows that they acted illegally and arbitrarily and that the action must be vacated and annulled. The board rest their decision upon two conclusions, above quoted from their answer, to wit, (1) that in the surrounding area there are garage stalls, and (2) that respondent Maher has conducted his electrical business on Twomey Place for a long time, that the business is expanding, and that he needs more space. Since the zoning ordinance permits the parking of cars referred to by the board, the first reason advanced has no validity. With respect to *158 Maher’s expanding business, there is no finding that the business was in existence before the zoning ordinance was adopted in 1930. Even if it be assumed that his business was lawfully established as a nonconforming use, he could not extend it without complying with the provision of the ordinance (§ 17-B-2) requiring that a certificate of occupancy be obtained as a basis for extending an established nonconforming use; and petitioners’ charge of such noncompliance is not denied by respondents.
Moreover this is not a mere question of granting an area variance wherein only hardship need be shown (see Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839). Respondent Maher seeks a use variance, and such may only be granted upon a showing (1) that the land would not yield a reasonable return if used for permitted purposes, (2) that his plight is unique, and (3). that the use applied for will not alter the essential character of the neighborhood (Matter of Otto v. Steinhilber, 282 N. Y. 71; Matter of Henry Steers, Inc. v. Rembaugh, 259 App. Div. 908, affd. 284 N. Y. 621; Matter of French v. Incorporated Vil. of North Haven, 1 A D 2d 788; Matter of Chandler v. Corbett, 274 App. Div. 1073). Neither the answer nor the affidavit of the board chairman which was submitted in support thereof indicates any substantial basis for the board to find the above essentials to the granting of the variance herein. (See Matter of Chad Homes v. Board of Appeals of City of Rochester, 5 Misc 2d 20, 23, supra.) Indeed, from the record it would seem that the lot in question is suited for use for car parking, at least, as authorized by the ordinance. The court does not exclude the possibility that upon a proper hearing before the board respondent Maher may be able to establish facts needed to sustain the variance. The ruling here made is that the record, including the answer herein, does not justify the granting of the variance.
The application to annul and vacate the decision of the Board of Appeals and the permit granted thereunder is therefore granted. By reason of the insufficiency of the proceedings this determination is made without prejudice to renewal of the application to the Board of Appeals. (Cf. People ex rel. Fordham Manor Reformed Church v. Walsh, 244. N. Y. 280, 291, supra; and Matter of Teschner v. Town of Pittsford, 129 N. Y. S. 2d 803, affd. 285 App. Div. 851.)
Submit order accordingly.