Bernard S. Meyer, J.
The owners of property adjoining the parcel involved in this proceeding (who arc conceded to be “aggrieved persons”) seek to have annulled a decision by respondent board granting permission to applicant to use the parcel as a parking lot for a period of 16 months without charge to applicant’s customers during business hours when its store is open for business only and at other times only for the purpose of parking by persons attending St. Mary of the Isle Catholic Church, which is located across Park Avenue from the subject parcel. The decision requires that the parking lot be operated in conformity with section 9-113.4 of the Long Beach Zoning Ordinance; that section requires paving and regulates entrances and exits, screening, signs and lighting so as to minimize inconvenience to adjoining residential property.
Subject parcel is located in a Residence C District, on the northeast corner of Monroe Boulevard and Park Avenue. Applicant is lessee of subject parcel and operates the Daitch Shopwell supermarket on the northwest corner of Monroe and Park. The supermarket is in a business zone, Monroe Boulevard being the dividing line between business and residence. Such a parking lot as was permitted by the board’s decision is not a permitted use in a residence zone and the decision may be upheld, therefore, only if a factual basis exists for the granting of a variance or special exception. Since that determination involves review of the evidence presented to the board, the first question presented is whether transfer of the matter to the Appellate Division is mandated by section 1296 of the Civil Practice Act.
The statutory basis for this proceeding is to be found in the General City Law (§§ 81, 82). While section 81 provides that: “ Every decision of such board [of Appeals] shall, however, be subject to review as provided in article seventy-eight of the civil practice act ’ ’, section 82, which sets forth procedure for review, has never been amended as section 267 of the Town Law was amended by chapter 771, Laws of 1952, and section 179-b of the Village Law was amended by chapter 329, Laws of 1956, to provide that ‘ ‘ the court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination under the provisions of section twelve hundred ninety-six of said article.” Mr. Justice (now Judge) Van Voorhis considered the problem several times at Special Term and held that transfer was not required *751 (Matter of Hopkins v. Board of Appeals, 178 Misc. 186, 191; Matter of Romig v. Weld, 194 Misc. 783, 785), and was followed in that holding by Mr. Justice Roberts in Matter of Magde v. Crowley (200 Misc. 109). In view of the Appellate Division’s modification in Matter of Romig v. Weld (276 App. Div. 514) and the holding of Mr. Justice Flannery in Matter of Sherwood Realty Corp. v. Feriola (197 Misc. 77, affd. without opinion 277 App. Div. 1049) that there must be a transfer, the question is not free from doubt and should be clarified by conforming amendment of the General City Law (§ 82). Since the penultimate paragraph of section 1296 of the Civil Practice Act establishes procedure covering Special Term’s erroneous refusal to transfer, and since the present record does not furnish a sufficient basis for review either by this court or the Appellate Division, this court, rather than transfer the matter, will remand it to the board for further proceedings not inconsistent herewith.
The record is insufficient in a number of respects. The application submitted stated that the permission sought constituted “ a variance from the requirements of § 24 of said Zoning-Ordinance, ” the minutes show that the vote to grant the application was specifically conditioned on the ‘ ‘ understanding that said variance is granted for a period of sixteen months (16) from the date hereof, ’ ’ and the formal resolution recited ‘ ‘ that practical difficulties and unnecessary hardships would result in carrying out the strict letter of the ordinance, ’ ’ yet the affidavit attached to the return and the first separate defense indicate that the board proceeded under section 2-502.2 (f) of the Municipal Code, which relates to temporary permits and is not concerned with hardship. Section 2-502.2 contains three subdivisions under which the board might have acted; subdivision (b) “ where there are practical difficulties or unnecessary hardships ”; subdivision (e) authorizing the board to “ permit the extension of a use or structure into a more restricted district immediately adjacent thereto under such conditions as will safeguard the character of the more restricted district ’ ’; and subdivision (f) authorizing the board to “ Grant temporary and conditional permits for a period of two years or less for uses and structures in contravention of the requirements of this code.” Nothing in the minutes or the formal resolution of the board, other than the implication arising from the 16 months’ time limitation, indicates which section the board acted under, and a time limitation could be imposed as one of the conditions referred to in subdivision (e) as well as under the specific grant *752 of authority in subdivision (f). (See People ex rel. St. Albans-Sprmgfield Corp. v. Connell, 257 N. Y. 73, 83; Matter of Butler v. Connell, 235 App. Div. 806). Further, while the affidavit of the board chairman submitted with the return sets forth a number of facts which it is said the board found from the evidence and from its own personal knowledge, no findings of fact were made on the record prior to rendition of the board’s decision. Even if it be assumed that the omission of formal findings can be supplied in the answer in an article 78 proceeding, the findings supplied would have to have been approved by the requisite number of members of the board. The affidavit of the chairman of the board presented by respondent is the statement of but one member and is wholly insufficient to remedy the defect. (Matter of Lapham v. Roulan, 10 Misc 2d 152,157.) Without proper findings of fact, the court cannot intelligently exercise its review function. (Matter of Hattem v. Silver, 19 Misc 2d 991.)
The matter will, therefore, be remanded to the board for further proceedings, including a further hearing if the board deems such hearing necessary, at the conclusion of which, the board shall state its findings of fact and set forth in its decision the section or sections and subdivision or subdivisions of the Municipal Code or other statutory authority upon which it predicates its action.
Settle order on notice, providing that petitioners shall have five days after service of respondent’s supplemental answer and return herein in which to either supplement their petition or reply to the answer, as petitioners may be advised, and upon the filing of such supplemental petition or reply or the expiration without such filing of said five-day period, either party may renotice the matter for Special Term, Part I Calendar on two days’ notice to the other. (See Civ. Prac. Act, § 1294.) The order may further provide that the second separate defense, which raises the objection that the petition is insufficient on its face is dismissed.