Frank A. Gtjlotta, J.
This is an application by owners of property in a residential zone in the City of Long Beach to annul a' determination made by the Board of Appeals which allowed the Daitch Shopwell supermarket to establish a parking field on eight lots on the northeast corner of Monroe Boulevard ,and Park Avenue in a residential zone, across the street from the supermarket, which is on the northwest corner in a business zone. ■
This case has previously been before this court in September ■of last year, and on November 7, 1960 it was remanded to the respondent board by Justice Meyer for the purpose of making •findings susceptible of review, since there Avere none to substantiate the original determination Avhich granted a .temporary permit for a period of 16 months.. (Matter of Ellison v. Board of Appeals of City of Long Beach, 25 Misc 2d 749.)
The board has now made findings and filed an amended answer from Avhich it is clear that they have abandoned all reliance *553 upon their general powers to grant a use variance on 'the..ground of practical difficulty and unnecessary hardship, presumably because the facts do not exist to warrant such a variance, and rely instead on subdivision (f) of section 2-502.2 of the Municipal Code of the City of Long Beach which authorizes the board to ‘ ‘ Grant temporary and conditional permits for a period of two (2) years or less for uses and structures in contravention of the requirements of this code.”
That there was no case made out here for a general use variance within the meaning of the tests laid down in Matter of Steers v. Rembaugh (259 App. Div. 908, affd. 284 N. Y. 621) is clear beyond any doubt; for as to test No. 1, not only was it not shown that the land would not yield a reasonable return if used for a zoned purpose, but on the contrary there was shown to be an immediate and pressing need for such land use.
As to the board’s powers under the temporary permit section above set forth, it seems to be entirely without specific' limits of any kind. There is a general requirement that the power be exercised in harmony with the general purposes of the zoning law, but to say that the application of the zoning laws may be suspended for up to two years in harmony with the zoning law and without relating the suspensions to a temporary condition, makes little sense. If' we assume that conferring the power in these general terms is unobjectionable because the board itself can confine its use to temporary situations and thus not violate the over-all purposes of the zoning law, then certainly they must exércise the power within these limits. In this case it has been used to alleviate a competitive disadvantage under which Daitch suffers because of inadequate parking, which is a permanent condition likely to get worse' instead of better, and also to alleviate a permanent parking problem which is most acute in the Summer season.
This court had a case for consideration arising under this same ordinance last year, Matter of Sarber Realty v. Silver (25 Misc 2d 261), but the case had to be returned to the board for findings, even as the present case was and the merits were not passed upon. When the ease came back to the court, Justice Mustdeb found a temporary parking permit, given to expire in November of the same year, valid. This of course was not tantamount to blanket approval of all suspensions simply because they are for less than two years.
Suspension of zoning ordinances for limited periods where related to particular and impermanent conditions," such as. the undeveloped nature of the neighborhood, are proper, but only so long as the qualifying condition exists. (Barrett v. Bedell, *554 255 App. Div. 874 ; Matter of Burke v. Connell, 242 App. Div. 795.)
Here there is no pretense made that the board is dealing with a temporary condition on a temporary basis and the permit would appear to be completely out of harmony with section 9-113.3 of the Municipal Code which provides that off-street parking if not on the premises, be kept within an Industrial, Business or Residence H zone.
Subdivision (e) of section 2-502.2 allowing the board to permit the extension of a use or structure into a more restricted district immediately adjacent to a less restricted district, would seem to fit the needs of this case better than the subdivision under which the board purported to act.
Matter of Reed v. Board of Stds. & Appeals (255 N. Y. 126) deals with a section of the New York City Code almost identical with subdivision (e) and in sustaining the Board of Standards in allowing a theatre use to be extended into a residential zone, the Court of Appeals necessarily decided that the nonspecific standards set forth, viz., to safeguard the character of the more restricted district, were sufficiently detailed for constitutional purposes.
We need not now decide whether these lots across Monroe Street qualify as an “ immediately adjacent” area under the ordinance and similar questions, since the board did not purport to act under subdivision (e) and it has made no findings relative to said section. Hence there can be no review of the determination’s sufficiency under that particular provision.
All that is being decided at this time is that neither the proof before the board nor the findings made by it, furnished any basis for exempting the applicant from the requirements of the zoning ordinance for 16 months.
This court has retained jurisdiction of this matter for review of all questions including the factual ones covered by subdivisions 6 and 7 of section 1296 of the Civil Practice Act and has not referred the case to the Appellate Division, because it concurs in Justice (now Judge) Vax Voobhis’ reasoning in Matter of Hopkins v. Board of Appeals of City of Rochester (178 Misc. 186) that section 82 of the General City Law mandates such a procedure. While this law has not been amended as was section 267 of the Town Law and section 179-b of the Village Law so as to make this certain beyond all doubt, in People ex rel. Hudson-Harlem Val. Tit & Mtge. Co. v. Walker (282 N. Y. 400) the Court of Appeals had held under former subdivision 10 of section 267 of the Town Law which was almost identical with subdivision 4 of section 82 of the present General City Law. *555 that the review was properly had in the first instance in Special Term. The reference to article 78 of the Civil Practice Act in subdivision 1 of section 81 of the General City Law, can no more be said to repeal subdivision 4 of the following section authorizing Special Term to reverse, affirm or modify, than it can be said to repeal subdivision 1 which sets a 30-day time limit for the proceeding, although the Civil Practice Act fixes a four-month limit for article 78 proceedings generally, and nobody even suggests that the time limit has been repealed. Determination annulled.