In the Matter of the Application of THOMAS W. FINN and Others, Petitioners, for a Certiorari Order against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Kings County, January 18, 1937.

*Conroy & Hardy* [*Reginald S. Hardy* of counsel], for the petitioners.

*Paul Windels, Corporation Counsel* [*David I. Shivitz* of counsel], for the respondent The Board of Standards and Appeals.

*Philip D. Greiff* [*Samuel A. Berger* of counsel], for the respondent Bay Parkway Holding Corporation.

CONWAY, J. Motion for a final order dismissing the order of certiorari and affirming the determination of the board of standards and appeals. This was originally an application by one Violet Kramer who acquired title to the property at the southeast corner of Utica avenue and Clarendon road, Brooklyn, through a foreclosure action. The mortgage upon which the action was brought had been owned by her father. Before the sale the tenant had begun the erection of an office building, garage and auto laundry. There is a suggestion in the statement made on the hearing before the board that the office and laundry were erected preparatory to an application for a gasoline permit for the front part of the lot after the laundry had been in use for some little time, and as part of a scheme to obtain a permit to sell gas although the property was situated in a business district. Before the matter came on before the board of standards and appeals, Violet Kramer sold to the applicant, Bay Parkway Holding Corporation, pursuant to a contract which contained the following provision: " It is understood and agreed that this contract is conditional upon the seller procuring a variation of the zoning law from the Board of Standards and Appeals so as to permit the erection and maintenance of a gasoline service station upon these premises, and to that end and purpose the seller agrees to apply to the Board of Standards and Appeals with all convenient speed to procure such a permit and in the event that the seller fails to procure such permit, then this contract shall be null and void and all moneys paid herein shall be returned to the purchaser and all complications arising out of this contract or any transfer of title, if such be done, shall be canceled and each of the parties to this agreement shall be released from any such obligation."

The property is located in an area zoned for business use. The petitioners are the owners of other property in the vicinity.

The application was made pursuant to section 21 of article V of the Amended Building Zone Resolution, which reads as follows: "§ 21. Rules and Regulations: Modifications of Provisions. * * * Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done." (See Ash, Ann. Greater N. Y. Charter, Ten Year Cum. Supp. p. 477.)

The application was granted *without restriction or limitation*, and was upon the ground of " hardship."

There is no non-conforming use in the area deemed to be affected by the application.

Unless the fact that a prohibited use may be of economic advantage to the owner justifies the board in granting a variance under section 21, there is no justification for its action. Certainly there have been shown no practical difficulties or unnecessary hardships. Violet Kramer foreclosed a $2,800 mortgage. The amount for unpaid interest taxes and costs was $3,463.89. She sold it to the speculative company for $5,000 under an agreement, a portion of which is quoted *supra*. No one has ever attempted to operate the auto laundry or five-car garage, as far as the record discloses. The erection of these appears to have been to create a background for the application to the board. The fact that a gasoline service station will produce an income sufficient to enable the carrying of the property is not sufficient to justify the action taken. That is often the case.

In *Matter of Stillman* v. *Board of Standards & Appeals* (222 App. Div. 19; affd., 247 N. Y. 599) the court said: " The board seems to have assumed that this modification of the zoning resolution for the benefit of a single property owner could be made because it was advantageous to the particular owner. The number of appeals to this court in this class of cases prompts us to restate that there is no power in the board of standards and appeals to vary zoning requirements for any such reason. It may vary ' where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions ' of the resolution ' so that the public health, safety and general welfare may be secured and substantial justice done.' (Building Zone Resolution, § 21.) These are the only criteria by which it must make its decision; whether the property under consideration is more suitable for

a forbidden use than for a permitted one is immaterial. Thus, in the instant case the property in question was purchased as restricted property. It clearly appears that it has not substantially depreciated in value. Unquestionably a large profit would come to the owner if the restriction were removed, but it does not follow that he loses unjustly because it is not removed."

Again, in *People ex rel. Fordham Manor Ref. Church* v. *Walsh* (244 N. Y. 280), the court said:

" There must then be a showing of something more, a showing of ' unnecessary hardship.' If such hardship exists, the reasons for its existence should appear from the return. Only thus can a court know whether they are substantial or illusory. The reasons may be made to appear in one or other of two ways. The hardship may be found as an inference from evidence submitted at a hearing. Dealers in real estate or other qualified experts may show, for illustration, that the land cannot yield a fair income if occupied as a dwelling. The discrepancy, even if not decisive in all cases, would be highly significant in many. At all events, when there is evidence in the record, whatever inferences therefrom are proper will be presumed, in aid of the dispensing resolution, to have been drawn by the Board. The statements of the witnesses do not have to comply with the technical requirements applicable to testimony in court. They are not even under oath. It is enough that reasonable men could view them as entitled to probative effect. But the power of the Board to do justice informally and promptly is not limited to cases where witnesses have been heard. Without any witnesses at all, it may act of its own knowledge, for, as constituted by the statute (Greater New York Charter, § 718) it is made up of men with special qualifications of training and experience. In that event, however, it must set forth in its return the facts known to its members, but not otherwise disclosed. To characterize the situation as hardship without more does not tend in any substantial degree to enlighten a reviewing court. There must be disclosure of the facts from which hardship is inferred.

" We find neither evidence at the hearing, nor any statement, equivalent to evidence, by the Board in its return, that this land, if not occupied by a garage, is incapable of application to a profitable use. The omission leaves the permit unsupported by the proofs. * * *

" The power to change the map is reserved by the charter to the Board of Estimate and Apportionment. The power of the Board of Appeals is confined to variations in special cases to meet some unusual emergency, some unnecessary hardship. The consequences at times may not be greatly different. All the more obvious is the need that the nature of the hardship and the reasons for

declaring its existence be disclosed with reasonable certainty. Disclosure may come, as we have already pointed out, from the evidence at a hearing. It may come, when such evidence is lacking, from the allegations of the answer, which must then take such a form as to be equivalent to evidence. In the absence of one basis or the other the resolution may not stand. * * *

" We thwart the scheme of the statute if we uphold a resolution for the concession of a privilege with neither evidence at the hearing, nor allegations in the answer to be accepted as a substitute for evidence. The Legislature has said that there shall be review by certiorari. (Greater New York Charter, § 719-a.) Such review becomes impossible if without supporting evidence or equivalent averment the mere conclusion of hardship is sufficient and indeed decisive. * * * At the same time judicial review would be reduced to an empty form if the requirement were relaxed that in the return of the proceedings the hardship and its occasion must be exhibited fully and at large. Safeguards of this order have at times an aspect of triviality when our scrutiny is narrowed to one instance or another. Their value is perceived when the outlook is extended to something wider than particulars. Disclosure is the antidote to partiality and favor."

No unnecessary hardship is shown in the record. Without such proof the board was without *power* to act under section 21 (*Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347, 353), where it was said:

" The Board of Standards and Appeals has granted a variation upon proof and finding of hardship due to general conditions existing in the neighborhood which may call for the exercise of legislative action in amending the rule but from which exemption cannot be granted by an administrative board. Its *power* is confined to relief in proper case from hardship unnecessarily caused by application of a general restriction to a particular piece of land. It may not destroy the general restriction by piece-meal exemption of pieces of land equally subject to the hardship created in the restriction, nor arbitrarily grant to an individual a special privilege denied to others.

" Relief from general rules which are shown to be unwise by experience or change of conditions must be through appeal to the legislative authority, or in extreme cases where the rule has become confiscatory, by challenge in the courts to the continued validity of the rule. (*Municipal Gas Co.* v. *Public Service Comm.*, 225 N. Y. 89; *Abie State Bank* v. *Bryan*, 282 U. S. 765.) There can be no relief in such case by appeal to an administrative board vested with limited power."

Motion denied.