In the Matter of GERMAINE M. THOMAS et al., Appellants, against THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK et al., Respondents.

Argued January 4, 1943; decided March 4, 1943.

*Reginald S. Hardy* for appellants.

*Paul Friedman* for Bay Parkway Holding Corporation, respondent.

*William C. Chanler, Corporation Counsel (James Hall Prothero, Paxton Blair* and *Raymond J. Horowitz* of counsel), for Board of Standards and Appeals, respondent.

LOUGHRAN, J. On June 7, 1935, Violet Kramer became the owner of a plot of land at the southeast corner of Utica avenue and Clarendon road in the borough of Brooklyn. A little later, Bay Parkway Holding Corporation contracted with her to take the title. Bay Parkway Holding Corporation wished to erect a gasoline service station upon the property, but the district

was zoned for business uses and such a structure was barred therefrom by section 4 of the Amended Building Zone Resolution. (See *People ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280; *Matter of Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270.) Consequently the contract of sale contained these words: " It is understood and agreed that this contract is conditional upon the seller procuring a variation of the Zoning Law from the Board of Standards and Appeals so as to permit the erection and maintenance of a gasoline service station upon these premises  *  *  *  and in the event that the seller fails to procure such permit, then this contract shall be null and void."

Pursuant to that stipulation, Kramer on October 15, 1935, petitioned the Board of Standards and Appeals so to vary the Zoning Resolution in her favor. To that end, she invoked the jurisdiction conferred upon the Board by section 21. It is thereby provided: " Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this resolution the Board of Appeals shall have power in a specific case to vary any such provision in harmony with its general purpose and intent, so that the public health, safety and general welfare may be secured and substantial justice done." Before Kramer's invocation of this dispensing faculty came on to be considered by the Board, she withdrew her petition because, as it happened, she had previously conveyed the property to Bay Parkway Holding Corporation on October 5, 1935.

On April 21, 1936, Bay Parkway Holding Corporation, as the then owner, prevailed upon the Board to reopen the matter. A hearing ensued on May 12, 1936, with the result that objections made by owners of nearby properties were overruled, and the requested variance was allowed without limitation in point of time and subject only to " such conditions as the board may impose after plans are filed." The objectors were not content with that disposition. They pressed their protests by way of a certiorari proceeding in the Supreme Court and there the unrestricted grant of variance was annulled. (See 163 Misc. 296.)

So the matter stood until January 30, 1940, when Bay Parkway Holding Corporation persuaded the Board to consent to a rehearing. Additional proof of the claimed unnecessary

hardship having thereupon been adduced, a second grant of variance followed on April 30, 1940, though this time the exemption was limited to a term of five years and was conditioned upon compliance with detailed specifications for the erection of the proposed gasoline service station. What follows has reference only to this smaller variance.

The validity thereof was questioned by the objectors in a second certiorari proceeding commenced by them on June 6, 1940. Special Term dismissed the order of certiorari and confirmed the determination of the Board. On appeal by the objectors, the Appellate Division reversed the finding that Bay Parkway Holding Corporation had established the existence in its case of the uncommon hardship contemplated by section 21. (See *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71.) None the less for that, however, the variance still endured, for the Zoning Resolution had been amended (as of June 28, 1940) by the addition of a new subdivision (f) to section 7 thereof and a majority of the Appellate Division held (1) that the advantage of this amendment was open to Bay Parkway Holding Corporation; and (2) that the variance was valid thereunder on the findings of the Board. Upon this fresh basis, the erroneous determination made by the Board under section 21 was saved, and the confirmatory order of Special Term was affirmed accordingly. As appellants in this court, the objecting owners of neighboring properties now contest the result reached by the Appellate Division.

Section 7 (f) provides: " *Use District Exceptions.* The Board of Standards and Appeals may, in appropriate cases, after public notice and hearing, and subject to appropriate conditions and safeguards, determine and vary the application of the use district regulations herein established in harmony with their general purpose and intent as follows:  *  *  * (f) Permit, for a stated term of years, in a business, business-1, retail or retail-1 district, where the provisions of § 21-A do not apply, the erection of a gasoline service station or oil selling station, and the erection of a garage for more than five motor vehicles or the storage or parking of more than five motor vehicles.'' The Board must see to it that a variance granted under these provisions does not weaken either the general purposes of the Zoning Resolution or the use regulations

set for the particular district. (Cf. *Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126, 136.)

To a considerable degree, the case for Bay Parkway Holding Corporation comes up to the above requirements of section 7 (f). The property lies in a business district. This permit for the erection thereon of a gasoline service station is limited to a term of five years. Section 21-A has no application. The Board found that the variance " will not alter the essential character of the neighborhood " or " endanger the safety or impair the health of residents of the vicinity." The Board found that the conditions imposed by it " afford full protection to the adjoining property owners." There is evidence to uphold these findings. The Board further found that " the premises involved could not yield a reasonable return unless a variance is granted." This finding, too, has support in the evidence. When an application is made under section 21, such financial hardship to a single owner does not count. But section 7 (f) empowers the Board — all other things being equal — " to enable the owner to make a reasonable and profitable use of his property." (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126, 135.)

On the foregoing findings taken together, the Appellate Division saw " a complete case for the granting of the temporary and conditional variance under subdivision (f) of section 7." In that view, the court was impelled to the conclusion that, " No useful purpose would be served by having the Board hear the application for a variance *de novo.*" (263 App. Div. 352, 356, 358). We hold a different opinion.

Whatever the actual individual hardship may be, the case for which a variance is sought under section 7 (f) is by that section required to be an " *appropriate* " one. So, as we believe, the standard which enjoins the doing of " substantial justice " — though not explicitly expressed in section 7 (f) — should be taken to be fairly evident therein. (Cf. the *Reed* case, *supra,* and *Matter of Y. W. H. Assn.* v. *Board of Standards & Appeals,* 266 N. Y. 270.) The return of the Board shows nothing on that head. But the Appellate Division said: " The present improvement, which alone tends to make the land unproductive and unprofitable, was erected by the owner or its predecessor in title with a view to laying the basis for a subsequent plea of

unnecessary hardship so as to obtain the variance. The present owner, if it was not a party to this plan, purchased the premises with full knowledge thereof." (p. 355.)

The controversy thus presents a real question as to whether hardship antecedently incurred by an owner in order to give color to an undue prayer for relief under section 21 may appropriately be held to give rise to a larger privilege under the subsequently enacted section 7 (f). The Board should decide that issue in the first instance. It has not been called upon to do so. For all we know, the speculative enterprise of Bay Parkway Holding Corporation would not inevitably have been favored by the Board over the interests of the objecting owners of nearby properties, if section 7 (f) had been applied. Hence we are constrained to disagree with the decision of the Appellate Division. (See *People ex rel. Smith* v. *Walsh,* 240 N. Y. 606.)

We express no opinion respecting the constitutional questions that have been argued.

The orders should be reversed and the determination of the Board of Standards and Appeals annulled, without costs and without prejudice to any right of the respondent Bay Parkway Holding Corporation to invoke the provisions of section 7 (f) of the Zoning Resolution.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.