In the Matter of DONALD J. VELLA et al., Petitioners, against CITY ZONING BOARD OF APPEALS OF ROCHESTER et al., Respondents, and ROCHESTER TRANSIT CORPORATION, Intervener-Respondent.

Supreme Court, Special Term, Monroe County, December 8, 1954.

*John Francis Noonan* for petitioners.

*Honora A. Miller, Corporation Counsel (Stephen K. Pollard* of counsel), for respondents.

*Howard M. Woods* for intervener-respondent.

WITMER, J. Petitioners are home owners near the premises of intervener-respondent, Rochester Transit Corporation, adjacent to East Main Street, Garson Avenue and Federal Street in the city of Rochester, and they seek the review and annulment of the action of the respondent zoning board of appeals of Rochester in granting to said intervener the right (1) to use its premises on the east side of Federal Street, at the corner of Cedarwood Terrace, as a parking lot for the automobiles of its employees, and (2) to construct extensions on two of its buildings west of Federal Street and south of the houses facing northerly on Garson Avenue for the housing of buses which the intervener has transferred from its State Street terminal, and for locker rooms, etc., for its employees.

It appears that in the interest of more efficient operation of its business the Transit Company in April, 1954, discontinued the use of its State Street bus terminal and offices and transferred the same to its East Main Street site. It also appears that it has owned the latter site since 1906, and has used it continuously since that time in its public transportation business.

The Zoning Ordinance of the City of Rochester was adopted in September, 1919.

When intervener announced in the Spring of 1954, that it was making the above-mentioned transfer, the City of Rochester instituted an action against it to enjoin the transfer on the ground that it constituted a public nuisance; and that action is still pending. In resisting the application therein for a temporary injunction the Transit Company gave assurance that it was applying for the permits now objected to, which, when granted, would enable it to remove its employees' cars from the streets and to place the buses in a building and thereby eliminate objectionable noise and odor arising from starting and servicing of buses out-of-doors. The application therein for temporary injunction was denied. (*City of Rochester* v. *Rochester Tr. Corp.*, ROBERTS, J. [July 22, 1954].)

The superintendent of buildings for the City of Rochester having denied intervener's application for the permits above-mentioned, intervener made two separate applications to the respondent board of appeals, one for each of such permits, the first being for a variance to permit use of the premises east of Federal Street for an employees' parking lot, and the second being for permission to erect extensions to two existing lawful nonconforming use buildings. The board of appeals duly held separate public hearings on each application, and petitioners and intervener were represented thereat. In addition to hearing all persons desirous of being heard at such hearings, the board inspected the said premises.

The board granted the application to establish an employees' parking lot, " in accordance with plans No. V 7371 submitted and on file, and on the further condition that the application be granted for a period of two years only and that the only entrances and exits to the parking station be located on Federal Street ". The board also granted the application to erect extensions to two existing nonconforming use structures for use as bus terminal and bus storage " in accordance with plans No. V-7405 submitted and on file ", and the board added in its resolution " that in taking this action the Board of Appeals recommends: 1. That the parking and storing of busses in the open lot at the rear of properties fronting on Garson Avenue be substantially eliminated; and * * * 2. An immediate survey and study be commenced and appropriate action taken to result in elimination or at least material reduction in the number of busses entering and leaving the premises by way of Garson Avenue and Federal Street ".

Petitioners contend that since the proposed parking lot is in a district zoned C-residential, in which a parking lot is not permitted, and that since the structures which intervener seeks to extend, are nonconforming uses and in general the ordinance forbids extension of nonconforming uses, the permits were illegally granted. They refer to section 91-38 of the zoning ordinance which only authorizes the board of appeals to grant a variance " where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the provisions of this ordinance ". They contend that intervener could continue its bus terminal on State Street, and that it is discontinuing that terminal and enlarging its use of the East Main Street terminal solely for financial gain, and they advance the established principle that such is not a lawful reason for granting a variance.

The Transit Company, on the other hand, points out that it is a public utility charged with the duty of serving the public at reasonable rates and that the permits were not granted under section 91-38 of the zoning ordinance, but were granted under subdivisions 5, 7 and 8 of section 91-37, providing in part:

" The Board of Appeals, after notice and hearing, may in a specific case and subject to appropriate conditions and safeguards, determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: * * *

" 5. Permit the extension of a non-conforming use or structure upon the lot occupied by such use or structure at the time when this ordinance goes into effect. * * *

" 7. Grant temporary and conditional permits for a period of two years or less for uses and structures in contravention of the requirements of this ordinance.

" 8. Permit the change of a non-conforming use to another no more detrimental."

The zoning ordinance further provides in section 91-29, as follows: " Existing non-conforming uses. Any lawful use of property existing September 22, 1919, and any specific use heretofore regularly permitted subsequent to September 22, 1919, by or pursuant to Use Rules and Regulations or Zoning Ordinance (Ordinance No. 644) which do not conform to the regulations prescribed in this ordinance shall be deemed non-conforming uses and may be continued. * * * A structure otherwise lawfully existing, arranged, designed or devoted duly and properly to such a non-conforming use may not be reconstructed or

structurally altered to an extent exceeding in aggregate cost fifty per cent of the fair value of the structure unless the use of said structure is changed to a conforming use.''

Evidence was introduced before the board at the hearings from which the board might find that intervener's land east of Federal Street, for which the permit for a parking lot was granted, had been used by intervener in its transit business for storage of equipment and repair work before the zoning ordinance was adopted, and such use has continued thereafter as a nonconforming use; that a greater percentage of intervener's drivers drive cars to work now than formerly; that the parking of their cars in the streets in that area causes congestion and constitutes a traffic hazard; and that regardless of the removal of intervener's buses from the State Street terminal, the traffic situation in the area in question would be greatly improved by establishing the parking lot, and that there would be no more noise or inconvenience to the neighbors therefrom than from the previous uses of the premises by intervener. With respect to the extensions of the existing structures, there was evidence from which the board might find that the extensions would cost much less than 50% of the value of the existing nonconforming use structures, referred to in section 91-29 of the ordinance above quoted, and that to house the transferred buses, under the recommendations of the board, would greatly improve the condition of noise and fumes existing at intervener's premises. Thus the board's determinations were based upon evidence presented to them and conditions observed by them and found by them to be appropriate grounds for their respective determinations on these applications. It cannot be said that the board acted arbitrarily without evidence to support its conclusions. This court cannot substitute its judgment for that of the board of appeals on the facts before it. (*People ex rel. Sullivan* v. *McLaughlin*, 266 N. Y. 519; *People ex rel. St. Albans–Springfield Corp.* v. *Connell*, 257 N. Y. 73; *Matter of Calcagno* v. *Town Bd. of Webster*, 265 App. Div. 687, affd. 291 N. Y. 701; *Matter of Corbett* v. *Zoning Bd. of Appeals*, 283 App. Div. 282.)

Although the means by which intervener has carried on its business at its East Main Street terminal since 1906 have changed from period to period, as transportation media have improved and changed, the essential character of its business remains unchanged, and the zoning ordinance may not be used to thwart its natural evolution and growth. (*People* v. *Perkins*, 282 N. Y. 329.)

Acting within the framework of the zoning ordinance, and particularly the sections thereof above quoted, the board of appeals has sought through the imposition of " appropriate conditions and safeguards " to vary the strict application of the ordinance " in harmony with their general purposes and intent ", and with respect to the parking lot the board has granted a temporary two-year permit and has limited the entrances and exits. During this period the traffic situation there may be further studied. It may well be that at the end of the two-year period petitioners will have no objection to the parking lot, or if there be objection, other solutions may be found not incompatible with the efficient performance of its functions by the Transit Company. Thus the board has acted under section 91-37 of the zoning ordinance " on some reasonable basis in harmony with the general purpose " thereof. (*Matter of Reed* v. *Board of Stds. & Appeals*, 255 N. Y. 126, 135.)

The board of appeals acted lawfully in granting said permits. (*Matter of Reed* v. *Board of Stds. & Appeals, supra*, pp. 134–135; *Matter of Douglaston Civic Assn.* v. *Board of Stds. & Appeals*, 278 App. Div. 659, affd. 302 N. Y. 920; *359 West 34th St., Inc.*, v. *Board of Stds. & Appeals*, 279 App. Div. 1032, affd. 305 N. Y. 878; *Matter of Perri* v. *Zoning Bd. of Appeals of Scarsdale*, 283 App. Div. 818; *Mosher* v. *Crowley*, 110 N. Y. S. 2d 626; *Fox* v. *Adams*, 134 N. Y. S. 2d 534, and see *Matter of Thomas* v. *Board of Stds. & Appeals*, 290 N. Y. 109, revg., on other grounds, 263 App. Div. 352.)

The determinations of the board of appeals are therefore affirmed and the petition is dismissed.

Submit order accordingly.