Pette, J.
This is a proceeding by the owners of property within the area affected to review the granting by the respondents, constituting the board of standards and appeals of the City of New York, of a variance for a stated term of 15 years, pursuant to the provisions of section 7 of the Zoning Resolution, which permits the intervenors-respondents, the owners of the site, to construct and maintain an automobile showroom with supplementary servicing, including gasoline dispensing service, on condition that the owners of the premises provide various safeguards which are contained in the board’s resolution. The respondent board and the respondents-intervenors have moved separately to dismiss the petition.
The subject premises consist of a vacant lot of land having-frontages of 200 feet on Northern Boulevard, 100 feet on 218th Street and 100.7 feet on 219th Street in the borough of Queens. The portion of the premises within 100 feet of Northern Boulevard is located in a business use, D area, and class 1, height district. The remainder of the premises, having a maximum frontage on 219th Street of only .7 of a foot, is located in a residence U district.
After a full hearing held on March 15, 1955, upon due notice, at which all objectants and their representatives were afforded an opportunity to be heard, the proceeding was adjourned to April 26, 1955, to afford the board an opportunity to inspect the premises and the surrounding area. On that day the proceeding was again adjourned to May 3, 1955, to permit the applicants to file revised plans as requested by the board, when *29 the board voted unanimously to grant the variance subject to proper safeguards as aforesaid.
A showroom and sales place for motor vehicles may be erected on the subject premises without a variance of the use district restrictions governing the premises. The board found that the supplemental uses which it permitted were necessary to a conforming and, consequently, permitted use, and that such accessory uses will afford the occupant an additional source of income to defray the carrying charges and operating expenses of the establishment to be erected, which will result in the increase of the assessed value of the subject premises.
A consideration of the record annexed to the answer establishes that there was substantial evidence to support the discretion exercised by the board in permitting the erection of a gasoline service station, lubritorium, etc., in conjunction with an automobile showroom which may legally be erected upon the premises without a variance. There is no proof that the board exercised its discretion in excess of the power expressly conferred upon it by subdivisions (f) and (i) of section 7 of the zoning resolution. The present case is distinguishable from those which arise under section 21 of the Zoning Resolution in which a unique hardship must be established. (Matter of Thomas v. Board of Stds. & Appeals, 290 N. Y. 109, 115; Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126,135.) Under the circumstances the determination of the board is not arbitrary, capricious or illegal and, consequently, may not be set aside. The petition is accordingly dismissed on the merits and the determination under review confirmed. Submit order.