G-. Robert Wither, J.
This is a proceeding to review the action of the respondent Zoning Board of Appeals of the Town of Irondequoit in granting to intervenor a permit to use his premises at No. 5 Culverton Road in said town, located in a residential district, for tinsmith shop purposes for three additional years, subject to certain conditions. It appears that intervenor’s shop building was erected before the area became built up with residences, and intervenor has used the premises as a tinsmith shop for upwards of 10 years. In 1955 he was advised by representatives of the town that he was violating the town zoning ordinance; and so he made application to the Zoning Board of Appeals for a variance, and one was granted to him for three years subject to certain conditions. When that permit expired in 1958 he made the application which resulted in the issuance of the further three-year permit to which petitioners object.
Before granting this latter permit the Zoning Board of Appeals conducted a hearing, upon due notice, at which a great many neighbors objected to the continuance of intervenor’s shop in this location. After the hearing the board designated two of their members to view the premises and report back. This was done and thereupon the board granted the permit.
Petitioners assert that the board have based their action on an erroneous conception of the facts and law, and that they have not stated findings of fact which will support their action.
Intervenor claims that he has a right to conduct the shop as a nonconforming use; and respondent board in their findings seem to give weight to the fact that intervenor’s building was used commercially for a great many years.
At the outset it must be clear that intervenor has not established that his nonconforming use is a continuance of such use antedating the enactment of the zoning ordinance wherein the area was zoned residential. There is some evidence that the building occupied by intervenor was erected at about or before *263 the time the ordinance was first adopted; hut the evidence is at best hazy in this regard, intervenor did not stand on such ground, but on the contrary assumed that he was subject to the ordinance, and respondent board did not find that the premises were erected before the adoption of the zoning ordinance. Moreover, it appears that the use to which intervenor has put the property is different from and more extensive than that for which it was used prior to his occupancy, and hence he has no right to continue such use, except within the provisions of the ordinance. (Zoning Ordinance of Town of Irondequoit, §§ 25, 26, 29-b; Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 42; Matter of Bornscheuer v. Corbett, 6 A D 2d 835; Matter of French v. Incorporated, Vil. of North Haven, 1 A D 2d 788.)
It appears that when intervenor first began using his premises as a tinsmith shop, there were few homes in the area, although it was zoned residential. It may be assumed that when the town officials notified intervenor in 1955 that he was violating the ordinance in using his premises commercially without a permit, more residences were being constructed in the area. Still upon intervenor’s application that year for a variance under section 32-c of the zoning ordinance, the board granted the permit, for three years, subject to conditions and limitations. At that time the area was not nearly as fully built up with residences as it is now, and it appears that the board acted upon the assumption that others in the tract would not be seriously harmed thereby.
Section 32-c of the zoning ordinance provides in part as follows:
‘ ‘ c. Special Permits and Variances. When in the judgment of the Board of Appeals the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be injured thereby, the Board of Appeals may, in a specific case, after due notice and public hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations of this Ordinance in harmony with their general purposes and intent as follows:
“ (2) Grant temporary and conditional permits for not more than five (5) years for structures and uses in contravention of the requirements of this Ordinance, provided such uses are not prejudicial to adjoining and neighboring section already developed.”
The permit granted to intervenor in 1955, being limited to three years, was notice to him that if the area continued to develop residentially, he faced the likelihood of having to discontinue his commercial use of the premises. It appears that since 1955 the area has become almost completely built up *264 with residences of substantial character. Despite that fact and the objection of the owners in the area, respondent board have continued intervenor’s permit for an additional three years, subject to conditions.
The question before the court in this proceeding is whether the board acted within the provisions of the ordinance in granting this permit.
There is nothing in respondents’ return to indicate that any property in this area, excepting intervenor’s, is used for nonresidential purposes. There are no facts recited in the return to support the finding by the board that “ public convenience and welfare will be substantially served ” by continuing this permit; nor are there any facts to substantiate the board’s finding that “ there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the Zoning Ordinance of the Town of Irondequoit as.applied to such land.” Moreover, on the facts in this case it is clear that intervenor’s use of his premises is prejudicial and injurious to the use of the rest of the area for residential purposes as provided in the ordinance.
It is apparent therefore that the board exceeded their powers in granting this special permit, and that they made a determination out of harmony with the general purpose and intent of the ordinance. (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280; Matter of Reed v. Board of Standards & Appeals, 255 N. Y. 126, 134-136; Matter of Young Women’s Hebrew Assn. v. Board of Standards & Appeals, 266 N. Y. 270; Matter of Levy v. Board of Standard & Appeals, 267 N. Y. 347; Matter of Underhill v. Board of Appeals of Town of Oyster Bay, 72 N. Y. S. 2d 588, affd. 273 App. Div. 788, affd. 297 N. Y. 937; Matter of Rosenbloom v. Crowley, 7 A D 2d 193 [4th Dept.].)
As noted above the board recited that practical difficulties or unnecessary hardships exist which justify the granting of the permit. But the board have set forth no finding of fact to support such conclusion, and hence it is a nullity. (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280, supra; Matter of Ryback v. Murdoch, 1 A D 2d 132; Matter of Rosenbloom v. Crowley, 7 A D 2d 193, supra; Matter of Lapham v. Roulan, 10 Misc 2d 152.)
The application to annul and vacate the decision of the Board of Appeals and special permit granted thereunder is therefore granted.
Submit order accordingly.