G. Robert Witmer, J.
This is an application under article 78 of the Civil Practice Act by many owners of residence properties lying in the proximity and westerly of intervenor’s premises which front on the west shore of Irondequoit Bay. The area is in a residential zone of the Town of Irondequoit. After public hearing, respondent Zoning Board of Appeals granted to intervener ‘ ‘ a temporary and conditional permit ’ ’ to use his premises for the erection of a seaplane metal hangar thereon “ for the purpose of operating a marine and seaplane base ” and con *81 ducting “ commercial activities relating thereto, including the sale of gasoline and oil, boats, motors and airplanes, and the rental of storage space for boats and airplanes ’ ’ for a period of five years, subject to specific limitations.
Petitioners ask the court to annul the action of respondent board upon the grounds that it constituted an abuse of their discretion, was in excess of their authority, and was not based upon necessary findings of fact.
It appears that intervenor’s premises are low and readily accessible from the bay, that petitioners’ properties are several hundred feet high up on a bluff above and westerly of the bay, and that the nearest residence of petitioners is about one-quarter mile from intervenor’s property and neither can be seen from the other. It also appears that immediately south of intervenor’s property there is an existing seaplane hangar which has been in operation for eight years, that south of such hangar is property of the Irondequoit Fish and Game Club, and south of that are numerous boat liveries. To the north of intervenor’s premises is the Harrison Marine Base, operated as a boat livery, and north thereof is Bay View Hotel. There are four roads which lead to intervenor’s property.
Respondent board inspected the area and made findings, based upon the evidence and their own investigations, that no dwellings have been erected on the bay front for many years, that there are many uses of bay front property in this area which are of a nonresidential character and there are many businesses along the bay front area connected with boating and recreation, that there has been a steady increase in the number of boats and private planes on the bay each year for which provision must be made, and that the existing facilities are becoming inadequate; that at the present time the bay front does not lend itself to residential use, that intervenor’s property may not be profitably used at present for residential purposes, and that the proposed use is consistent with present uses along the bay front and will not adversely affect the residential properties on the higher ground west of the bay. The pictures submitted to the board and made a part of the return herein support the board’s findings as to the existing conditions on the bay front.
Subdivision c of section 32-c of the Zoning Ordinance of the Town of Irondequoit, provides in part as follows: “ c. Special Permits and Variances. When in the judgment of the Board of Appeals the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be injured thereby, the Board of Appeals may, in a specific ease, after due notice and public hearing and subject *82 to appropriate conditions and safeguards, determine and vary the application of the regulations of this Ordinance in harmony with their general purposes and intent as follows:
* * *
“ (2) Grant temporary and conditional permits for not more than five (5) years for structures and uses in contravention of the requirements of this Ordinance, provided such uses are not prejudicial to adjoining and neighboring section already developed.”
Where the Zoning Board grant a special permit under the above provisions of the ordinance they are not limited to the requirements laid down in Matter of Otto v. Steinhilbner (282 N. Y. 71, 76 and, see, Zoning Ordinance of Town of Irondequoit, § 32-b), but may act “ on some reasonable basis in harmony with the general purpose ” of the act (Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126,135). Obviously if the board disapprove of the manner in which an area has been zoned, they cannot undertake in their own way to amend the ordinance. (Matter of Rosenbloom v. Crowley 7 A D 2d 193.) But under this provision of the ordinance the Zoning Board are granted great latitude in the exercise of their judgment so long as they act within the special limitations of this portion of the ordinance. (Matter of Thomas v. Board of Stds. & Appeals, 290 N. Y. 109; Matter of Reed v. Board of Stds. & Appeals, supra, pp. 134-135; Matter of Douglaston Civic Assn. v. Board of Stds. & Appeals, 278 App. Div. 659, affd. 302 N. Y. 920; Matter of Vella v. Zoning Bd. of Appeals, 206 Misc 941, 945-946.)
Upon the facts before the board and their findings, this court may not say that the board exceeded their powers and acted out of harmony with the general purpose and intent of the ordinance in granting the limited permit to intervenor. An interesting contrast is found in Matter of Ardella v. Evershed (16 Misc 2d 261) wherein it is held that the board exceeded their powers in granting a special permit which is out of harmony with the general purpose and intent of the ordinance.
Respondents have objected that petitioners have not alleged and shown facts sufficient to establish that they are aggrieved and entitled to maintain this proceeding. The objection is overruled. Petitioners live in this residential zone and have the right to be heard with respect to any official change therein amounting to a relaxation of the limitations on the permitted uses. (Town Law, § 267, subd. 7.)
Petitioners also contend that the special permit to intervenor has been granted in violation of subdivision 2 of section 249 of *83 the General Business Law and hence should be vacated. That section refers to £ ‘ airports. ” It is in derogation of the common law and may not be held to apply to the situation at bar wherein the permit grants intervenor the right to erect a seaplane metal hangar for a marine and seaplane base. The special permit does not grant authority to establish an airfield or airport. If the Legislature wishes to regulate the establishment of seaplane bases, it must specifically provide with respect to them.
The petition herein is therefore dismissed.