Charles Lambíase, J.
Petitioners, pursuant to article 78 of the Civil Practice Act, have moved “for an order reversing, annulling, and setting aside the order heretofore made on the *210 30th day of November, 1961, and for such other and further relief"as to this court may seem just and proper.” (Notice of motion dated Dec. 7, 1961.)
Intervenor-respondent, Mary Wiley, who was allowed to intervene herein by order dated January 16, 1962, resides at 204 Avondale Road, in the Town of Irondcquoit, New York, and her interest therein, it seems, is a life tenancy. On September 25, 1961 she made application to the Building Inspector of the Town of Irondequoit for a permit to operate a beauty parlor in the basement of said premises. The Building Inspector denied this application on the ground that the property was in a “ D ” Residential District which did not permit such use. On September 25,1961 she applied to the Zoning Board of Appeals, the respondents herein, for permission to operate such beauty parlor.
Respondents called a public hearing to pass upon intervenor’s application, and a hearing was held on October 9,1961, at which time she appeared and stated her case. There was opposition from petitioners to the granting of the application. Respondent Zoning Board discussed the same, and tabled the matter pending an inspection of the premises. On November 15, 1961 they met again, the inspection having been made. In the minutes of that meeting the following is set forth:
“ The Secretary then presented the appeal of Mary Wiley of 204 Avondale Road, which had been tabled at a previous meeting. The Board had inspected this site and it was the belief of this Board that Mrs. Wiley had ample parking although there was no hardship on the land, but she did have a personal problem. After discussion, the following resolution was adopted:
<£ IT APPEARING that the contemplated use and the granting of a temporary and conditional permit would not alter the essential character of the neighborhood nor depreciate surrounding properties and said use would not be prejudicial to the adjoining and neighboring section already developed,
* % *
£ £ RESOLVED that permission be and the same hereby is given to Mary Wiley to use the portion of the premises known as 204 Avondale Road for the purpose of operating a Beauty Salon, such permission being granted for a period of one year from the date hereof and subject to the operation being limited in the basement of above mentioned premises and to its continued operation by Mary Wiley only, and no more than one operator for such purpose shall be permitted.
*211 “ That the said premises shall he used at all.times, in. conformity with Building, Sanitary, Health and other .Ordinances of. the Town of: Irondequoit and laws of. the State of New York and the operation shall be so'conducted so as not to give, ri.se to a nuisance to neighboring property or property owners and the permission hereby shall not be assignable or transferrable without the approval of this Board and the within permit may be revoked at any time by this Board upon non-compliance with the terms and conditions hereof.
“ That such use herein described shall be permitted to and including the 15th of November, 1962.
“ And that no signs or other advertisement shall be posted thereon or used in conjunction therewith. ’ ’ (Answer and papers constituting the return.)
We are unable to tell whether the immediately foregoing quoted matter is certified for the certification of the “ transcript ’ ’ by Mr. Pugsley, secretary of the board, precedes it in the papers attached to the answer and return.
The position of the board is stated in its resolution and in the recitals therein contained.
Petitioners urge that the property for which the permit was granted is in a “ D ” District and, as such, is subject to the provisions of article V of the Zoning Ordinance which prohibits the use of said premises for such commercial purposes; that “ the said action and determination by the said Zoning Board of Appeals on the said application and appeal was and is illegal in that no evidence was presented by the applicant at the hearing to show that she suffered from any practical difficulty or unnecessary ‘ ‘ hardship by being forced to use the property for a purpose for which it was and is presently zoned, as required by Article X of said Zoning Ordinance, and. for the further reason that no evidence or proof was presented that the public convenience and welfare would be substantially served and the appropriate use of neighboring property would not be injured by the granting of said application, and for the further reason that the petitioners offered proof at said hearing that such use would be very prejudicial to the adjoining and neighboring property, which proof Avas not rebutted by the applicant, and that by reason of the above, the granting of said permit by said respondents was arbitrary, capricious, and unreasonable.” Respondent board, in granting the permit, acted under authority of section 32-c of the Zoning Ordinance of the Toavii of Irondequoit providing in pertinent part as follows:
“ c. Special Permits and Variances. When in the judgment of the Board of Appeals the public convenience and welfare *212 will be substantially served and the appropriate use of neighboring property will not be injured thereby, the Board of Appeals may, in a specific case, after due notice and public hearing and subject to appropriate conditions and safeguards, determine and vary the application of the regulations of this Ordinance in harmony with their general purposes and intent as follows:
- (í #
“ (2) Grant temporary and conditional permits for not more than five (5) years for structures and uses in contravention of the requirements of this Ordinance, provided such uses are not prejudicial to adjoining and neighboring section already developed.”
We are to determine in this proceeding whether the board acted within the provisions of the ordinance in granting this permit.
“ Where the Zoning Board grant a special permit under the above provisions of the ordinance they are not limited to the requirements laid down in Matter of Otto v. Steinhilber (282 N. Y. 71, 76 and, see, Zoning Ordinance of Town of Irondequoit, § 32-b), but may act ‘ on some reasonable basis in harmony with the general purpose ’ of the act (Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, 135). * * * But under this provision of the ordinance the Zoning Board are granted great latitude in the exercise of their judgment so long as they act within the special limitations of this portion of the ordinance. (Matter of Thomas v. Board of Stds. & Appeals, 290 N. Y. 109; Matter of Reed v. Board of Stds. & Appeals, supra, pp. 134-135; Matter of Douglaston Civic Assn. v. Board of Stds. & Appeals, 278 App. Div. 659, affd. 302 N. Y. 920; Matter of Vella v. Zoning Bd. of Appeals, 206 Misc. 941, 945-946.) ” (Matter of Libby v. Angevine, 17 Misc 2d 80, 82, affd. 8 A D 2d 474.)
There is nothing in respondents’ return to indicate that any property in this immediate area is used for nonresidential purposes. There is no finding set forth in the return that ‘ ‘ the public convenience and welfare will be substantially served ’ ’ by the granting of this permit, and also there are no facts therein set forth to support the recital of the board that ‘ ‘ the contemplated use and the granting of a temporary and conditional permit would not alter the essential character of the neighborhood nor depreciate surrounding properties and said use would not be prejudicial to the adjoining and neighboring section already developed
We are constrained, therefore, to the conclusion that the board exceeded its powers in granting this special permit, and *213 that it made a determination out of harmony with the general purposes and intent of the ordinance. (People ex rel. Fordham Manor Ref. Church v. Walsh, 244 N. Y. 280; Matter of Reed v. Board of Stds. & Appeals, 255 N. Y. 126, 134-136; Matter of Young Women’s Hebrew Assn. v. Board of Stds. & Appeals, 266 N. Y. 270; Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347; Matter of Underhill v. Board of Appeals of Town of Oyster Bay, 72 N. Y. S. 2d 588, affd. 273 App. Div. 788, affd. 297 N. Y. 937; Matter of Rosenbloom v. Crowley, 7 A D 193 [4th Dept.]; Matter of Ardella v. Evershed, 16 Misc 2d 261, 264.)
The motion to annul and to vacate the decision of the Board of Appeals and the special permit granted thereunder must be and hereby is granted.