■ In the Matter of BEACH HAVEN JEWISH CENTER et al., Respondents, v. MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants, and JOAN LEVIN, Intervenor-Appellant.— In a proceeding commenced by the issuance of a certiorari order under the Administrative Code of the City of New York (§ 668e–1.0), to review a determination of the city's Board of Standards and Appeals, rendered July 12, 1960 after hearing, which granted an application, made by the intervenor (a property owner) under subdivision e of section 7 of the former Zoning Resolution of the City of New York, for a variance of the resolution so as to permit the erection of a store building for a shopping center (with parking facilities for patrons' cars) upon the intervenor's unimproved land in a residence use district in Kings County, the board and the intervenor appeal from an order of the Supreme Court, Kings County, dated November 2, 1961, which: (a) denied the board's motion to vacate the certiorari order, to dismiss the petition and to confirm the board's determination; (b) sustained said certiorari order; and (c) annulled the board's determination. Order appealed from reversed on the law and the facts, without costs; motion granted; petition dismissed; and determination confirmed, without costs. Findings of fact implicit in the opinion of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The variance was granted for a period of 20 years subject to express conditions and safeguards imposed by

the board, which determined that under the circumstances disclosed the granting of the application would be in harmony with the general purpose and intent of the Zoning Resolution of the City of New York. We find that the board acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under subdivision e of section 7 of said resolution; and, since it acted within its jurisdiction, its determination may not be set aside by the court (*Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126; *Matter of Kohnberg* v. *Murdock,* 6 N Y 2d 937; *Matter of Minett* v. *Murdock,* 7 A D 2d 927; *Matter of Clearview Gardens Fifth Corp.* v. *Murdock,* 12 A D 2d 521, motion for leave to appeal denied 9 N Y 2d 611). Ughetta, Acting P. J., Brennan and Hopkins, JJ., concur; Kleinfeld, J., dissents and votes to affirm the order for the reasons stated by Christ, J., in his dissenting memorandum. Christ, J., dissents and votes to affirm the order, with the following memorandum: This variance permits the erection of an 11-store block-long shopping center, with parking facilities for patrons' cars, in a residence use district. It was granted pursuant to subdivision e of section 7 of the former Zoning Resolution. In my opinion the grant of such a variance violates two fundamental principles: (1) no variance may be granted which defeats or weakens the general purpose and intent of the resolution or the use regulations prescribed thereunder for a particular district; and (2) there must be a reasonable basis in the record for the conclusion that the variance will not do violence to the general zoning plan. In *Matter of Reed* v. *Board of Standards & Appeals* (255 N. Y. 126, 135) the court said: " The Board must in each case act on some reasonable basis in harmony with the general purpose of the resolution. * * * The general purpose of the zoning resolution must be respected and the more restricted district must be safeguarded." In *Matter of Thomas* v. *Board of Standards & Appeals* (290 N. Y. 109, 114) the court emphasized that "The Board must see to it that a variance granted under * * * [the provisions of section 7] does not weaken either the general purposes of the Zoning Resolution or the use regulations set for the particular district." In *Matter of Y. W. H. A. Assn.* v. *Board of Standards & Appeals* (266 N. Y. 270, 276) "a theory of variation [which] would in the long run defeat the general purpose of a zoning law," was rejected. On this record, it cannot be gainsaid that the proposed *temporary* user for a stated term of 20 years will permanently alter and impair the residential character of the neighborhood. A variance which for a period of 20 years permits a substantial permanent business structure comprising an entire block in a residential area is tantamount to a nullification *pro tanto* of the Zoning Resolution. By its very size and authorized duration, the permitted structure will necessarily defeat the general design of the Zoning Law. Such an "intrusion on the restricted district" is, "as a matter of law, so out of harmony with the general purpose of the zoning resolution as to make it impossible to safeguard the character of the more restricted district" (*Matter of Reed* v. *Board of Standards & Appeals* (*supra*, pp. 135–136). The error in the grant of this variance is accentuated by a comparison between section 21 and section 7 of the former Zoning Resolution. Section 21 concededly provides for a permanent variance, whereas section 7 is designed to permit temporary variances for temporary and limited uses of property. As this court previously stated, under the latter section "the variance *must* be temporary, conditional and limited as to the nature of the proposed use. * * * [It] must be in harmony with the general purpose and intent of the Zoning Resolution" (*Matter of Thomas* v. *Board of Standards & Appeals,* 263 App. Div. 352, 356, revd. on other grounds 290 N. Y. 109, *supra* [emphasis in original]). Here, in practical effect, the property owner has obtained a variance which is neither temporary

nor in harmony with the purpose and intent of the Zoning Resolution. Thus, the primary purpose of section 7 has been frustrated under the guise of a so-called "temporary" variance. In reality the owner has been granted a permanent variance. For, as already indicated, a structure of such large dimensions which will continue for 20 years is inherently permanent; it has a built-in permanency. At the end of 20 years, the continued use of this massive structure will support a plea of "unique" hardship as the basis for the claim · to a further variance under section 21. This structure is bound to remain and to work a permanent change of use from residential to business. The grant of the instant variance pursuant to section 7 (subd. e) is, therefore, equivalent to a permanent variance under section 21—a section under which the owner does not presently qualify. I am satisfied that *Matter of Kohnberg* v. *Murdock* (6 N Y 2d 937) and kindred cases cited in the majority memorandum are distinguishable. Those cases involved primarily gasoline service stations which could be readily dismantled. They were much smaller structures which did not intrude nearly as much upon the restricted area. Research has failed to disclose any reported decision by any court in this State sustaining a "temporary" variance under section 7 of the Zoning Resolution for the maintenance of so large a structure for so long a period of time as in the case at bar.